WILSON v. PRESTON *et al.*

1. AMENDMENT: VERIFICATION. The Court may permit the plaintiff to amend a petition which is not sworn to, after answer, by adding a verification to the same; and after such amendment, if the defendant refuse to verify his answer or to file a verified answer within the time allowed by law to plead, a default may be granted against him.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 16.

FORECLOSURE of mortgage. For the facts see the opinion.

*T. B. Perry* for the appellant.

*J. W. Robb* for the appellee.

WRIGHT, J.—Mortgage foreclosure commenced in March, 1863. The petition, when filed, was not sworn to, and on the morning of the second day respondent answered it,

Wilson v. Preston.

but not under oath. After this, and on the same day, complainant asked and obtained leave to verify his petition, and "day was given." On the fourth day of the term, there being no other answer filed, complainant asked for judgment by default, respondents were asked if they desired to answer further, and by their counsel answered that they did not as the petition stood, for they had already answered, and were not required to respond further. A default was ordered, and a judgment accordingly entered.

The case of *Wolff and Hoppe* v. *Wagensick*, 10 Iowa, 590, referred to by counsel, is not applicable. And the same may be said of all the cases cited in that and upon which it is based. All those decisions were made under the Code of 1851, or at least under statutes different from the present Revision. The object of § 2904 is not merely to enable a party to obtain testimony by having his pleading responded to under oath, but to secure a truthful statement of the action or defense. And when the petition is verified, a plaintiff has a right to insist upon a sworn answer. If such verified pleading is not filed the other party may insist upon and claim a default. Should he go to trial upon an answer not sworn to, and thus perhaps waive his default, a very different question would be presented.

It was competent for the Court to permit the party to attach the verification after respondent had answered. After it was attached it was as much the duty of respondent to verify his answer as if the petition had been sworn to in the first instance. The answer, as filed, was under the statute no response to the petition as amended. If extra costs were occasioned by the course of complainant, their proper taxation would raise a question with which at present we have nothing to do.

Affirmed.