W. B. HENSLEE, Appellant, *v.* CHESLY CANNEFAX *et al.*,
Respondents.

| 49 | 295 |
|----|-----|
| 102 | 510 |
| 43a | 28 |
| 49 | 295 |
| 48a | 199 |
| 49 | 295 |
| 129 | 132 |
| 49 | 295 |
| 65a | 599 |
| 49 | 295 |
| 137 | 264 |
| 49 | 295 |
| 140 | 439 |
| 49 | 295 |
| 142 | 261 |
| 49 | 295 |
| a155 | 371 |

1. *Partnership — Admissions of members.* — The admissions and declarations of one of the partners touching a partnership transaction bind the remaining members of the firm.
2. *Practice, civil — Reply — Failure to file — Trial — Instruction.* — Where parties have gone through the evidence in a cause precisely as though a reply had been filed, and it was manifestly omitted by mistake, the court should not instruct the jury to take the allegations of new matter in the answer as admitted, but should give the case to them upon the pleadings as they had been understood and acted upon by the parties, or direct a reply to be at once filed to meet the case as tried. Defendants, after standing by and seeing heavy costs accumulate in making out plaintiff's case on the theory that a reply had been filed, will not be permitted to assert the contrary.

*Appeal from Greene Court of Common Pleas.*

*J. S. Phelps* and *T. A. Sherwood*, for appellant.

*J. P. Ellis*, for respondents.

BLISS, Judge, delivered the opinion of the court.

From the medley sent up called a record, I gather that the defendants executed to one McKay, in part payment for a jack, a non-negotiable promissory note for $500; that the plaintiff purchased the same and brought the suit, and that the defendants charged a warranty of the jack, and set up its breach as a defense to the note. McKay seems to have brought the jack from Tennessee and to have taken the note back with him; and the plaintiff being about to come to Missouri, offered to sell it to him. But before purchasing, the plaintiff wrote to his father, residing near the defendants, to inquire if the note would be paid, and his father called upon Horton, one of the defendants, who spoke highly of the jack, and informed him that the note would be paid when due, and that he might safely buy it. This being reported to the plaintiff, he purchased the note at its face; but on presenting it when due, the makers refused payment, claiming that the jack was older than represented, etc.

Upon the trial the court charged the jury that none of the defendants could be bound by the declarations of Horton except

himself. This instruction was wrong for the reason that the defendants were partners in the purchase and use of the jack; they were engaged in a joint venture for their mutual profit, and the admissions and declarations of one of the partners touching a partnership transaction bound the whole. (Sto. Part., § 107.) This representation in regard to the note and its consideration, and the encouragement to purchase it, should bind all, and estop them from disputing its validity; otherwise a fraud would be perpetrated upon the plaintiff.

It seems to have been discovered, before the case was submitted to the jury, that no reply had been filed to the answer to the last amended petition. The whole matter in controversy had been fully investigated, many witnesses had been examined upon all the questions supposed to be involved, and yet the court instructed the jury that the allegations of new matter in the answer must be taken by them as true for want of replication. We think, under the circumstances, this instruction should not have been given. The parties had concluded the trial precisely as though the reply had been made; it was apparently omitted by mistake, and the court should either have given the case to the jury upon the pleadings as they had been understood and acted upon by the parties, or have directed a reply to be at once filed to meet the case as tried. This negligence of the plaintiff was encouraged by the defendants. They stood by and saw heavy costs accumulate in making out the plaintiff's case, adding to them the costs of their own witnesses, and then asked the court to declare that their defense had been admitted from the beginning. This will not do, and courts should not allow traps to be thus sprung, although upon the inattentive.

There are three provisions of the statute in regard to omissions of this kind. Section 36, chapter 165, Gen. Stat. 1865 (Wagn. Stat. 1019), provides that the allegation of new matter contained in the answer, not controverted by the reply, shall be taken as true. Section 16 of the same chapter gives the defendant judgment, while section 6 of chapter 170 (Wagn. Stat. 1053) provides for a judgment of *non pros.* against the plaintiff. We are not now called upon to reconcile any seeming conflict, or to say

to what classes of cases each of the latter provisions applies. It is enough to say that after going to trial as though the reply was in, a snap judgment should not be taken for an inadvertence in regard to its filing. The judgment should be reversed and the cause remanded.

The real points in the case are obscured, and much time of the court has been wasted by the manner in which this record is made up. The first thirty-six pages are filled with a jumbled mass of useless papers before reaching the amended petition upon which the case was tried; and after that, papers and orders and long introductory explanations by the clerk are mixed up with record entries and evidence, and in the most bungling manner. Counsel for appellants are largely to blame for not looking to the making up of the record and for not making a proper bill of exceptions, but there is no excuse for the clerk. Much of our time is consumed and costs are greatly increased by such inattention and unskillfulness on the part of the counsel and the clerks of the trial courts. The least we can do is to tax to the clerk the extra costs of copying useless papers, and $10 of the costs of the transcript is ordered to be taxed against him.

Judge Adams concurs. Judge Wagner absent.