MEADER v. MALCOLM, *Appellant.*

1. **Pleading : REPLY: ESTOPPEL.** When the case has been tried as if a reply was on file and the evidence has been closed, the fact that there is no reply will not be taken as an admission of the new matter in the answer.

2. **Partnership : NOTE OF INDIVIDUAL, OR FIRM : EVIDENCE.** In an action on a note given in the name of a firm, one of the partners pleaded that the note was given by his co-partner for individual purposes and in fraud of the firm, and in support of his plea gave evidence showing that this note was given in lieu of a former individual note of the co-partner. Against his objection the plaintiff was then allowed to show the real consideration of this latter note. *Held,* no error.

3. ———: ———. Money was borrowed on the credit of a firm and used for the purposes of the firm, but the individual note of one of the partners was given for it, and by mistake of the lender was accepted. Afterward, when the mistake was discovered, the lender demanded and received from that partner the note of the firm in lieu of his own note. *Held,* that this was not the giving of a partnership note for an individual debt, and that the latter note was binding on the firm.

*Appeal from ·Phelps Circuit Court.*—Hon. H. V. B. HILL, Judge.

AFFIRMED.

*L. F. Parker* for appellant.

*E. Y. Mitchell* for respondent.

Norton, J.—This is an action on a promissory note for $500; and the petition, which is in usual form, alleges the execution and delivery of the note by defendants as partners under the firm name of Demuth & Malcolm.

Defendant Demuth made default, and defendant Malcolm answered, denying the execution of the note in suit in the firm name of Demuth & Malcolm, admitting defendants were, on the 8th day of June, 1878, a firm doing business in Rolla, Missouri, under the firm name of Demuth & Malcolm, and pleading that the note in suit was executed by Demuth in the firm name, in fraud of the rights of the firm and of the defendant Malcolm, without his knowledge, consent or authority; that no consideration moved either to the firm or defendant Malcolm, but the sole consideration for said note was the payment of a private debt due from Demuth to plaintiff, and was executed, not for the purposes of the co-partnership, but for Demuth's private debt and in payment thereof, and that plaintiff knew of all said facts. To this answer there was no replication.

On the trial of the cause plaintiff had judgment, from which defendant Malcolm has appealed to this court, and 1. PLEADING; reply: assigns among other errors the action of estoppel. the court in refusing to instruct the jury that under the pleadings and evidence the plaintiff could not recover against defendant Malcolm. It is insisted that the above instruction should have been given, because no replication having been filed to the answer of defendant Malcolm, the facts therein stated were admitted. This position is overthrown by the case of *Henslee v. Cannefax*, 49 Mo. 295, where it was held that where a case had been tried as if a replication had been filed, and the evidence closed, it was error for the trial court to instruct the jury that the allegations of new matter contained in the answer must be taken as true for want of a replication.

But two witnesses were examined, viz., defendant Demuth, on the part of defendant Malcolm, and plaintiff in

her own behalf. The note sued upon was read to the jury and was *prima facie* binding upon the firm, and to rebut this Demuth was examined as a witness. His evidence tended to show that he was the managing partner of the firm, and that in June or July, 1876, without the knowledge of Malcolm, he borrowed the money of plaintiff, telling her that he could use it for the firm if she would let *us* have it, that she gave him a check for the money, and he gave her his individual note for the amount borrowed; that the money thus obtained was applied by him to the payment of debts which the partnership owed, that he took credit on his own individual account on the books of the firm for the amount borrowed, intending to charge himself with the amount when the firm paid it; that the note was payable in six months, and when it became due he paid the interest on it, and subsequently thereto gave her his note for $500; plaintiff paying him the difference between four and five hundred dollars; that witness told plaintiff that the money for which the original note was given had gone to pay the debts of the firm.

The evidence of plaintiff in rebuttal tended to show that plaintiff had business transactions with the firm of Demuth & Malcolm; that in June, 1876, Demuth asked plaintiff if she had money in bank, and told her that the firm could use it, and she could have it back in six months; that he came to her a few days after, and she gave him a check for between four and five hundred dollars, and he gave his note to her for the same; that she did not read the note at the time; that afterward, about Christmas, 1877, she learned for the first time that the note was signed by Demuth alone, and told him he ought to have signed it in the firm name; that she had confidence in Demuth; was of French descent and could not read English readily; that she requested Demuth to sign the firm name as soon as she learned it had not been so signed; that the note in suit was executed about six months afterward, and nothing was said at that time; that she loaned the money to the firm, and

gave the firm credit therefor at the time the loan was made.

It is contended by counsel that the court erred in allowing plaintiff, over the objection of defendant, to testify in regard to the original transaction, which resulted in the 2. PARTNERSHIP: loan of the money, and the execution of note of individual, or firm: evidence. Demuth's individual note for the amount. This, we think, was a legitimate subject of inquiry, and was made so by the evidence of Demuth, a witness introduced by defendant, who detailed all the circumstances which gave origin to the note in suit, and no reason is perceived why the plaintiff should not have been allowed to testify in regard to the same matter. It is clearly shown by the evidence of Demuth that the loan of the money was applied for, not as an individual loan to him, but as a loan to the firm and for the use of the firm. He states that he told plaintiff "that the firm could use the money if she would let us have it, and that she should have it back in six months." He further stated that the money obtained went to the benefit of the firm and was actually applied to the payment of the debts of the firm. It is true he states that he took credit to himself on the books of the firm, but it is not shown that plaintiff either had knowledge or consented to this. On the contrary, she testifies that the loan was made to the firm, and that as soon as she ascertained that Demuth had not signed the firm name to the note given by him, she demanded the firm note, which he afterward gave and which is the note in suit.

It is also insisted by counsel that Demuth having executed his individual note for the money borrowed, it thereby 3. ——: ——. became his individual debt, and that the note in suit having been executed in discharge of said note, the firm is not bound thereby. No principle is better settled than that when a member of a firm executes the note of the firm for the payment of his individual debt, such note is not binding on the firm. Parsons on Part., 111, 203 et seq. But this principle, in the light of the evidence in

this case, has no application, for the reason that the money for which the partnership note was given was borrowed, according to defendant's own evidence, not for the use of the individual partner, but for the use of the firm, and that it was as a matter of fact applied to the payment of the debts of the firm. Defendant's witness swears that he applied for the loan for the firm, and plaintiff swears that she lent it to the firm. So that it may be said notwithstanding the fact that Demuth, who applied for the loan on behalf of the firm, executed his own note, it did not thereby become his own private debt so as to make the subsequent note executed by him in the name of the firm a fraud upon the firm. The question as to whether the loan was originally made to the firm or not, was fairly submitted in the instructions to the jury, and the facts, as disclosed both by the evidence of Demuth, the active member of the firm who borrowed the money, and by that of plaintiff, leave no doubt in our minds that Demuth applied for the loan on behalf of the firm, and that plaintiff made the loan on that application, and the money went into the business of the firm.

It may be true, as contended by counsel, that if plaintiff had sued the firm on the note executed by Demuth alone, under the ruling of this court in the case of *Farmers' Bank v. Bayless*, 35 Mo. 428, that the action could not have been maintained. But that is not this case. The plaintiff, instead of affirming the note executed by Demuth in his own name, as soon as she ascertained that it was so executed, repudiated the transaction and required of Demuth the execution of a firm note, not in payment of his, Demuth's, own note, but in conformity with the real facts of the case and the understanding of the parties at the time the loan was made. The instructions given in the case were in conformity to the views above expressed, and those refused were not. Judgment affirmed. All concur.