ROBERT CAMPBELL, Respondent, v. ELI SEELEY, Appellant.

, St. Louis Court of Appeals, December 23, 1890.

1. **Practice, Trial:** FAILURE OF PLAINTIFF TO FILE REPLY. When a case has been tried as if a reply had been filed, the fact that there is no reply will not be taken as an admission of the new matter set up in the answer.

2. **Mortgages:** STATUTORY DAMAGES FOR FAILURE OF MORTGAGEE TO RELEASE. If a mortgagor refuses to accept a sufficient tender of the payment of a mortgage, and an action for statutory damages is brought against him for his failure to acknowledge satisfaction of record or execute a sufficient deed of release, the mortgagee's right of recovery is not affected by the good faith of the mortgagor, in refusing to accept payment, as where the mortgagor refused the tender because he erroneously, but for good cause, believed that the mortgage debt was not due. The mortgagor in such case is bound to take notice of the mortgagee's rights, and his motive is immaterial.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*McKee & Jayne*, for appellant.

(1) If appellant honestly believed that the debt secured by the trust deed was not due, then respondent could not recover penalty for failing to satisfy same. *Wilber v. Pierce*, 22 N. W. Rep. 316 ; *Canfield v. Conkling*, 2 N. W. Rep. 191 ; *Huxford v. Eslow,* 18 N. W. Rep. 630 ; *Crumly v. Bardon*, 36 N. W. Rep. 19 ; 2 Jones on Mortgages [2 Ed.] sec. 991 ; *Burrows v. Bangs*, 34 Mich. 304. (2) If appellant honestly believed that a tender of the amount due and secured by the trust deed had not been made, or a lawful tender had not been made, respondent cannot recover the penalty

sued for. Authorities above cited. (3) The respond-ent failing to file reply to the appellant's answer, the same is admitted to be true. R. S. 1889, secs. 2052, 2053.

*Smoot & Pettingill,* for respondent.

The judgment rendered in the other case of *Camp-bell v. Seeley,* in which satisfaction of the deed of trust was decreed, was a final adjudication as to tender, and cannot be questioned in this cause. *Cupples v. Galligan,* 6 Mo. App. 62. (2) The motives of the defendant can-not affect the right to recover. This action is not brought under a penal statute. *Campbell v. Seeley,* 38 Mo. App. 298 ; *Beckman v. Nache,* 56 Mo. 546. (3) The statute is not penal. The damages are fixed and liquidated. *Wiener v. Peacock,* 31 Mo. App. 238 ; *Edwards v. Brown,* 67 Mo. 377 ; *Coom v. Moore,* 31 Mo. 574 ; *Bar-nard v. Harrison,* 30 Mich. 8 ; *Draper v. Fitzgerald,* 30 Mo. App. 518. (4) The failure to file reply cannot be taken advantage of now. The point was not raised in the trial court, and the attention of the court was not called to it in the motion for new trial. The case was tried as though the reply was filed. *Meader v. Malcolm,* 78 Mo. 550.

THOMPSON, J.—This case was before this court on a former appeal, in which we held that the petition stated a good cause of action. *Campbell v. Seeley,* 38 Mo. App. 298. The original petition, which we held good on that appeal, having got lost, a second petition was filed, which was substantially the same as the original petition. The defendant answered by a general denial, and also by pleading the following as a special defense.

" Defendant, for further answer, states that he did loan plaintiff $1,500 and took his note for said sum, and to secure same took from him a trust deed on his land in Scotland county, Missouri.

"Defendant further states that he did not know said note was due, nor did he know or believe that

plaintiff, or anyone for him, tendered to him any money on said note. He further states that he and the plaintiff did not consider said note due, and the plaintiff so informed him said note was not due, nor did he consider the same due. ·

"Defendant further states that a controversy arose between him and the plaintiff as to whether or not said note was due. Said note expressly provided that, if said note was not paid when due, it was optional with the owner thereof whether he receives the same or not until the expiration of the year which has begun to run. ·

"Defendant, further answering, states that a controversy arose between him and the plaintiff as to whether or not a legal tender for the payment of said note had been made, defendant honestly contending and believing a legal tender had not been made, plaintiff contending a legal tender had been made; also defendant honestly contending and believing that said note was not due at the trial of said cause stated by plaintiff. Defendant was unavoidably detained and could not get to the trial of said cause, or make his defense thereto and give his evidence in the cause, which facts he well knew and believed.

"Wherefore he asked to be discharged with costs."

No reply was filed to this new matter, but the case was tried as though a reply had been filed.

The trial took place before the court sitting as a jury. The plaintiff gave evidence tending to support the allegations of his petition. Among this evidence was the following decree of the circuit court of Scotland county:

"Robert Campbell, Plaintiff,
        vs.
"Eli Seeley and Samuel
        B. Davis, Defendants.        } To cancel trust deed.

"Now, at this day, this cause coming on to be heard, and the same being submitted to the court upon the pleading and the evidence, and the court, being

fully advised in the premises, doth find that, on the fourth day of April, 1881, the plaintiff borrowed of the defendant, Eli Seeley, the sum of $1,500, and executed to him his note and deed of trust to secure the same, whereby he conveyed to defendant, S. B. Davis, as trustee, the southeast quarter of section 28, township 67, range 12, which said deed of trust is recorded in book 21, at page 18, of the records of said county; that, on the fourth day of April, 1886, said note became due; and the court doth further find that, on or about the fourth day of June, 1886, said note being due, the plaintiff made a full and complete tender to defendant Seeley, of all the money, both principal and interest at that time due, and a sufficient sum for the expense of entering satisfaction of said deed of trust on the records; and, it further appearing to the court that said money is now on deposit with the clerk of this court for the use of defendant Seeley; and, it further appearing that the said defendant, Eli Seeley, has failed, refused and neglected to satisfy said deed of trust on the margin of the record, or to deliver to the plaintiff a sufficient deed of release thereof.

"It is, therefore, ordered and adjudged by the court that said deed of trust be, and the same is hereby, satisfied and canceled, and for naught held.

"And, it is further ordered by the court that the plaintiff have and recover of and from the defendant his costs herein laid out and expended, and that he have execution therefor,

"It is, therefore, ordered that the defendant Seeley may withdraw the fund now on deposit with the clerk in this cause."

Afterwards, the defendant did withdraw the fund so deposited in the court by the plaintiff to satisfy the deed of trust. The defendant gave evidence to the effect that he acted in good faith in refusing to accept the tender of satisfaction of the deed of trust, believing

that the debt was not due under the terms of the contract, and also that the tender was originally made not in cash, but in the form of a bank draft. The defendant requested, and the court refused, the following declarations of law:

"1. That the judgment of the court decreeing the deed of trust from plaintiff to defendant's trustee is not conclusive on defendant as to whether or not the debt was due, or tender or demand to enter satisfaction was made.

"2. That, if the defendant honestly believed that the debt was not due when tender was made, then no cause of action exists against him, and plaintiff cannot recover.

"3. That, if defendant honestly believed that no sufficient tender was made him by the plaintiff or his agent, then plaintiff cannot recover in this action.

"4. That a tender of a draft for an amount due is not a lawful or sufficient tender.

"5. That it is admitted by the pleadings that the amount by plaintiff to defendant tendered was a draft, and not money; that defendant, when tender was made, honestly, and for good cause, believed that debt was not due; that the tender was not sufficient, and that he did not act in bad faith in refusing to accept said draft. Therefore, plaintiff cannot recover.

"6. That a tender of amount due, when refused and rejected and not accepted by payee, is not the receiving of full satisfaction.

"7. To enable plaintiff to recover, he must show that full satisfaction was by defendant received.

"8. The judgment of the court in former action between the parties hereto is not conclusive on the question of receiving full satisfaction."

The errors assigned amount substantially to the complaint that the court refused to adopt and to apply to the evidence the defendant's theory of the law. as

shown by his answer and by the above declarations of law. It is argued that, if the defendant *honestly believed* that the debt secured by the deed of trust was not due, the plaintiff cannot recover the statutory *penalty* for failing to satisfy the same. *Secondly*, that, if the defendant honestly believed that the tender of the amount due to secure the deed of trust had not been made, or lawfully made, the plaintiff cannot recover the *penalty* sued for. *Thirdly*, that the plaintiff, by failing to reply to the special matter set up in the defendant's answer, admits it to be true. And, finally, that the uncontradicted evidence shows it to be true.

When a case has been tried, as if a reply had been filed, and the evidence has closed, the fact that there is no reply will not be taken as an admission of the new matter set up in the answer. *Meader v. Malcolm*, 78 Mo. 550 ; *Henslee v. Cannefax*, 49 Mo. 295. Such was the case here.

But, if the new matter thus set up had been proved by undisputed evidence at the trial, or even admitted by failing to file a reply, the judgment of the court would, nevertheless, be correct, because it constituted no defense to the action. The action is not for a *penalty*, as counsel for the defendant argue, but for liquidated damages. That was decided by this court on the former appeal, and was also decided in the case of *Wiener v. Peacock*, 31 Mo. App. 238. The decisions cited from other jurisdictions in support of the propositions of the defendant above stated, that the defendant is discharged by proving that, in refusing the plaintiff's tender, he acted in accordance with his honest belief, are, therefore, irrelevant. He was bound to take notice of the plaintiff's rights, and his motive is immaterial.

That the plaintiff, when the debt secured by the deed of trust became due, tendered to the defendant the full amount due, and also the costs of releasing the

incumbrance, was conclusively adjudicated in the prior suit between the same parties. The defendant's evidence to the effect that the tender was originally made in the form of a draft was, therefore, immaterial. There is no question about the amount of damages awarded by this court, and the judgment was a mere application of the law to the undisputed facts. It is, therefore, affirmed. All the judges concur.