## PERRAS v. THE DENVER & RIO GRANDE RAILROAD COMPANY.

1. PRACTICE IN CIVIL ACTIONS—VERIFICATION OF PLEADINGS.

The code requirement, that when any pleading is verified every subsequent pleading, except a demurrer, must be verified also, is mandatory. An unverified answer to a verified complaint tenders no issue, and judgment upon the pleadings may be entered as by default for want of answer.

2. AMENDMENTS, IN WHAT COURT ALLOWED.

Upon the remand of a cause the court below may allow an answer to be amended by adding a verification, but this court is without power so to do.

*Error to the District Court of Arapahoe County.*

Mr. I. N. VAN DYKE, Messrs. NORRIS & HOWARD and Mr. F. D. TAGGART, for plaintiff in error.

Messrs. WOLCOTT & VAILE, for defendant in error.

REED, J., delivered the opinion of the court.

This was an action brought by plaintiff in error to recover damages for the loss of her husband, who at the time of his death was employed by the defendant and had been for some years, as a conductor on its road, and was killed by a collision of trains on July 24, 1891.

On the 19th of December, 1891, this suit was instituted. On February 12, 1892, an amended complaint was filed, in which it was alleged that the defendant in several respects was guilty of negligence, and that by such negligence deceased came to his death.

The complaint had the following verification: "On this 8th day of December, A. D. 1891, personally came before me Henritta L. Perras, who, after being duly sworn, upon her oath, says: I am plaintiff in the above action; I have heard read and read the matters and things therein contained and read, and state that they are true of my own knowledge, and that the statement made upon information and belief therein, I believe to be true; further affiant saith not.

                            "HENRITTA L. PERRAS."

On the 27th of February defendant filed an unverified answer: *First*, a general denial of the allegations in the complaint. *Second*, that the deceased "by his own negligence contributed to the injuries complained of in said complaint."

The case was set for trial. Before impaneling the jury and proceeding to trial, on the 12th day of November, 1892, plaintiff moved the court for judgment on the pleadings as by default, on the ground that the answer of the defendant was not verified, which motion was denied and an exception taken. Plaintiff introduced her available testimony in sup-

port of the action. On its close a motion for nonsuit was made by the defendant and sustained.

The overruling of plaintiff's motion for a judgment as by default for want of a verified answer was error. There were no issues to be tried.

Sec. 61, Civil Code, provides as follows: "Every pleading must be subscribed by the party or his attorney. When any pleading is verified every subsequent pleading, except a demurrer, must be verified also." * * *

This requirement is mandatory, imperative, and cannot be ignored. An unverified pleading is a nullity. It is the duty of the pleader to tender issues by a verified plea to comply with the code provision. No tacit acquiescence by the plaintiff previous to trial, in the filing of an unverified answer, can avail. It is quite likely, that if the case went to trial and resulted in a verdict without objection, the requirements of the code might be regarded as waived, but that was not this case; the motion was made before trial and was in apt time. No leave was asked or offer made to perfect the answer by verification.

The provision of our code is identical with that of California. In *Drum v. Whiting*, 9 Cal. 422, Judge Field, in delivering the opinion of the supreme court, said: "The original and amended complaints filed in this action were both duly verified under section 51 of the practice act. The answer of the defendant was unaccompanied with any verification, and on motion, it was for this reason stricken out, and judgment ordered for the plaintiff as upon a default. * * * The language of the statute is imperative, and makes only one exception in which the verification of an answer may be omitted when the complaint has been duly verified. * * * In all other cases, an answer without a verification to a complaint duly verified, may be stricken out, on motion; and application for judgment, as upon default, may be made at the same time." Citing *Strout v. Curran*, 7 How. Prac. Rep. (N. Y.) 36.

This provision of our code was adopted from California

and its construction in that state is entitled to consideration in this. The same identical wording and provision occurs in the Civil Code of North Carolina and has been construed in the same way. See *Alspaugh v. Winstead*, 79 N. C. Rep. 526; *Alford v. McCormac*, 90 N. C. Rep. 151; *Crompton v. Crow*, 2 Utah Rep. 245.

In *Wilson v. Preston*, 15 Iowa, 247, the court said: " The object of sec. 2904 is not merely to enable a party to obtain testimony by having his pleading responded to under oath, but to secure a truthful statement of the action or defense. And when the petition is verified, a plaintiff has a right to insist on a sworn answer. If such verified pleading is not filed, the other party may insist upon and obtain a default."

These authorities appear conclusive of this branch of the case. It is urged by defendant that plaintiff, by failing to object to the unsworn answer for so long a time, waived her right to object. Such cannot be considered as the law. It was the duty of defendant to have the answer verified if it wished it to be regarded as a pleading, and the neglect could only be cured by verdict, or some legal and unmistakable waiver without objection.

It is also urged that the affidavit of verification to the complaint is informal and insufficient. Although inartificially drawn, it appears to be sufficient in substance and not amenable to the criticism indulged in by counsel.

The authorities cited by counsel for the defence do not appear to have been based upon code provisions identical with ours, and are not applicable. I can find no contrary construction of this provision of our code. The court erred in overruling plaintiff's motion and proceeding to trial. Judgment upon the pleading should have been entered in favor of the plaintiff as by default for want of an answer. The judgment of the district court will be reversed and the cause remanded for further proceedings in conformity to the suggestions here made. The district court, upon application, will no doubt allow the answer to be amended by verification. We have no power to make an order in the premises.

*Reversed.*