Jos. Winemiller *et al.*, Executors, Respondents, v. Chas. G. Peterson, Appellant.

**Kansas City Court of Appeals, March 23, 1896.**

1. **Trial and Appellate Practice:** NEGLIGENCE OF PARTIES: COURT'S DISCRETION. How far it is proper for the court to overlook delinquencies in filing proper papers in suits is a matter for the sound discretion of the trial judge, and the appellate court will not interfere except in cases of manifest abuse and oppression.

2. **Trial Practice:** FILING PLEA IN ABATEMENT. In an attachment suit the defendant for more than a year failed to file a plea in abatement to the amended affidavit for attachment and went to trial without such plea being filed. Plaintiff introduced evidence going to the merits. The defendant asked to file plea in abatement *instanter* which was refused. *Held*, no abuse of the trial court's discretion.

*Appeal from the Worth Circuit Court.*—Hon. P. C. Stepp, Judge.

Affirmed.

*J. W. Peery, Sanders & Phipps* for appellant.

(1) The plaintiffs, after taking two continuances in the applications for which they swore that an issue was pending on the plea in abatement; after taking and filing in the cause depositions of numerous witnesses; after announcing ready for trial, without any objection, or motion for judgment on the pleadings;

after agreeing in open court that the cause should proceed to trial with eleven jurors; were, upon every principle of justice, estopped to object that the plea in abatement on file did not deny all of the grounds of attachment alleged in the amended affidavit. After having gone to trial they will not now be heard to say that there was never anything to try. Thompson on Trials, sec. 1438; Bliss Code Plead., sec. 396; Finklenburg App. Prac., pp. 105, 106, 107; *Henslee v. Cannefox*, 49 Mo. 295; *Crow v. Railroad*, 57 Mo. App. 135; *Nelson v. Wallace*, 48 Mo. App. 199; *Weaver v. Harlan*, 48 Mo. App. 319; *Spurlock v. Railroad*, 93 Mo. 530; *Thompson v. Wooldridge*, 102 Mo. 505; *Campbell v. Suley*, 43 Mo. App. 28; *Meador v. Malcom*, 78 Mo. 550; Elliott's App. Proc., secs. 352, 470, 482; *Brown v. Bank*, 5 Mo. App. 1; Finklenburg App. Prac. 106; Elliott App. Proc., sec. 682; *June v. Payne*, 107 Ind. 307; *Davis v. Pool*, 67 Ind. 425; *Cogswell v. State*, 65 Ind. 1; *Corriger v. Sicks*, 73 Ind. 76; *Dodds v. Vaunay*, 61 Ind. 89; *Brand v. Whelan*, 18 Ill. App. 186; *Chicago v. Wood*, 24 Ill. App. 40; *In re Doyle*, 73 Cal. 564; *Quinby v. Boyd*, 8 Colo. 194–342. (2) The refusal of the trial court to permit defendant to amend his plea in abatement *instanter* so as to deny the two additional grounds of attachment set up in the amended affidavit, was error. Amendments are favored, and should be liberally allowed in furtherance of justice. *House v. Duncan*, 50 Mo. 453; *Carr v. Moss*, 87 Mo. 447; *Judah v. Hogan*, 67 Mo. 252; *Cayce v. Ragsdale*, 17 Mo. 32; *Hamblin v. Dunn*, 53 Mo. 137. (3) The plea in abatement filed denied every allegation in the original affidavit, was never objected to by plaintiffs in any manner and was sufficient in law. *Norvell v. Porter*, 62 Mo. 309; *Irwin v. Evans*, 92 Mo. 472.

*Kelso & Schooler* for respondent.

(1)  For the reason that a plea in abatement is a dilatory plea and the time of filing it is not fixed by any special provision of the attachment law (but governed by the code of civil procedure) and the defendant desiring to avail himself of such a plea must do so in a reasonable time, and must not be guilty of laches in setting it up.  R. S. 1889, p. 226, secs. 560 and 561; *Audenried & Heim v. Hull*, 45 Mo. App. 202; *Beaudean v. The City of Cape Girardeau*, 71 Mo. 392; *Green v. Craig*, 47 Mo. 90; *Cannon v. McManus*, 17 Mo. 345; R. S. 1889, p. 539, sec. 2042; *Hamilton v. McClelland*, 33 Mo. 315; *Jump v. Batton's Creditors*, 35 Mo. 193; *Musgrove v. Mott*, 90 Mo. 107; *Anderson v. Perkins*, 52 Mo. App. 527; *Howell v. Stewart*, 54 Mo. 400.  Defendant filed no plea in abatement and he thereby confessed the truth of the matters stated in the amended affidavit.  *Hill v. Bell*, 111 Mo. 35, 41.   (2) The presumptions are always in favor of the regularity of the proceedings of the trial court, and he who claims error must make that error apparent, otherwise the appellate court will refuse to review the judgment of the lower court.  *Beckley v. Skroh*, 19 Mo. App. 75; *Newman v. Newman*, 29 Mo. App. 649; *Stone v. Pennock*, 31 Mo. App. 544, 554; *Good v. Crow*, 51 Mo. App. 212; *State v. Co. Court*, 51 Mo. App. 522; *State v. Burnes*, 85 Mo. 47; *State v. Cunningham*, 100 Mo. 382; *State v. Harkins*, 100 Mo. 666.   (3)  The position taken by defendant as to doctrine of estoppel and waiver can not in any legal sense be applied to this case.  *Petring v. Chrisler*, 90 Mo. 649 and 658, and cases cited; *The City of St. Louis v. Lumber Co.*, 98 Mo. Rep. 613, 617; Bigelow on Estoppel [3 Ed.], 484; *Blodgett v. Peery*, 97 Mo. 263.

GILL, J.—On March 11, 1893, plaintiffs sued defendant in attachment on a promissory note dated March 12, 1890, which was to become due July 18, 1894. The affidavit alleged three grounds for attachment, which it is unnecessary now to repeat. On April 5, 1893, defendant appeared and filed a plea in the nature of a plea in abatement, putting in issue the grounds of attachment set out in the above affidavit. On October 17, 1893, plaintiffs filed in open court an amended affidavit, wherein two additional grounds for attachment were set out.

On the plaintiffs' application, the case was continued from term to term, till the October term, 1894 (and after the note in suit had become due), when the record shows the following: "Now at this day this cause coming on to be heard, both parties announcing ready for trial, whereupon the following persons were impaneled and sworn to try the cause, to wit:  * * * and who subsequently rendered a verdict for plaintiffs, sustaining the attachment and for amount of note and interest."

The bill of exceptions shows that when the jury was impaneled, the plaintiffs introduced one of their number who merely testified as to the death of the payee of the note, that the plaintiffs were the executors, and that the note had not been paid. The bill of exceptions then reads as follows: "The counsel for defense declined to cross-examine said witness, and thereupon counsel for plaintiffs announced to the court, that as defendant had filed no plea in abatement to the amended affidavit for attachment and had gone to trial on the merits, they did not deem it necessary to introduce further testimony, as the amount of the note had been proved and there was no denial of the allegations contained in the amended affidavit for attachment. And defendant's counsel stated that the

failure to file the amended plea in abatement was an oversight and thereupon asked permission of the court to file *instanter* an amended plea in abatement to the amended affidavit for attachment and asked permission of the court to file *instanter* a denial of the grounds of attachment set up in the amended affidavit for attachment, to which plaintiffs objected. Which said request of defendant's counsel the court refused to grant and refused to permit a plea in abatement to be filed to said amended affidavit for attachment; to which said action of the court in refusing to permit said amendment to be made, and said plea in abatement to be filed, the defendant by his counsel then and there excepted.''

The sole question raised by this appeal is, whether or not the trial court committed reversible error in declining to allow the defendant to file an amended plea in abatement, when the cause was on trial in October, 1894. More than a year prior to this plaintiffs had filed their amended affidavit for attachment, which set out new and additional grounds, and yet the defendant had failed to plead thereto. It was an instance of manifest negligence on the part of the counsel then in charge of the defendant's cause, or of the defendant himself, or because it was not intended to take issue on the matter set out in plaintiffs' affidavit. The only excuse set out in the record is that the failure to plead in due season was the result of *oversight*.

How far is it proper to overlook such delinquencies in litigants or lawyers is a matter that must be left to the sound discretion of the trial judge, and the appellate court will not interfere except in a case of manifest abuse and oppression. We observe nothing here that would justify our interference.

Defendant's counsel seek relief in the line of those cases where a litigant is not permitted to take advant-

age of the absence of a reply to the new matter of the answer, when the evidence had been adduced and the cause tried as though the reply was formally filed. See *Henslee v. Cannefax*, 49 Mo. 295, and other decisions to the same effect by the courts of this state. But those cases have no application to the facts here. Those decisions are based on the theory of estoppel. If a party to an action will proceed in the trial, recognizing an issue and treating the matter as though the allegations of his pleading were denied, and thereby lead the opposite party to believe that no formal contradictory pleading is required, then the party so acting will be estopped to raise the question at the conclusion of the trial after his adversary has gone to the trouble of introducing witnesses and has incurred expense to meet the supposed issue.

In this cause the defendant was not misled or deceived by any conduct of the plaintiffs. There was no trial gone into in relation to the attachment feature of the case; the trial had was as to the merits of the cause of action set out in the petition. It is true that during the period of time occurring between the filing of the amended affidavit (October, 1893) and the trial on the merits (October, 1894), plaintiffs took various depositions to sustain the attachment; and at plaintiffs' instance the cause was continued from term to term to allow the plaintiffs to secure evidence relating to the attachment. There was nothing in this, however, to even suggest to the defendant that a plea in abatement would be unnecessary and would be dispensed with. It is nothing unusual for a plaintiff to proceed to gather evidence and prepare for trial before the issues are made. Plaintiff had the right to assume that defendant would file an opposing pleading before the cause was reached for trial.

The judgment must be affirmed. All concur.