HERBERT M. BRONSON v. MCCORMICK HARVESTING MACHINE COMPANY.

FILED SEPTEMBER 22, 1897. No. 7427.

1. Guaranty: RELEASE OF GUARANTOR. A creditor who, by his voluntary act parts with security for the debt, thereby, to the extent of the value of such security, releases a surety or guarantor.

2. ———: ———. . Case distinguished from that of mere forbearance to sue.

ERROR from the district court of Boone county. Tried below before THOMPSON, J. Reversed.

J. A. Price, for plaintiff in error.

Pratt & Barkley, contra.

IRVINE, C.

The McCormick Harvesting Machine Company sued Bronson on a written guaranty of payment of a promissory note for $50 made by F. J. Francisco and two others to the plaintiff. The defendant answered that the note was given in part consideration for the sale of a harvesting machine, and that the following was a copy thereof:

"$50.00.                        ALBION, NEB., July 19, 1893.

"I (or we) promise to pay to the McCormick Harvesting Machine Company, a corporation organized and existing under the laws of the state of Illinois, and having its chief office and place of business in the city of Chicago, county of Cook, state of Illinois, or order, at Albion, Neb., fifty dollars, with interest at seven per cent per annum from date until due; ten per cent per annum thereafter until paid. The express condition of the sale and purchase of the harvester and binder machine for which this note is given is such that the title, ownership, or possession does not pass from the said McCormick Harvesting Machine Company until this note and interest are paid in full; and the said McCormick Harvesting Machine Company have full power to declare this note due and take possession of the said harvester and binder machine whenever they deem themselves insecure, even before the maturity of this note, and sell the same at public or private sale without notice. The proceeds (after the expenses and interest are paid) to be applied upon this note, and any balance then unpaid shall in consideration of the use and rent of said property be a valid and subsisting claim against the vendee."

Defendant further answered that after the note became due the defendant requested the plaintiff to foreclose the contract of sale, but the plaintiff neglected to do so, and instead thereof brought an action at law against the makers of the note, recovered judgment thereon, and caused an execution to be issued and levied upon the harvester in question as the property of the makers of the note; that said makers each filed an inventory of their personal property in the court from which the execution was issued, and thereupon by order of the plaintiff's attorney the officer released the levy; that the harvester was then worth more than the amount due on the note. A general demurrer to this answer was sustained, and the defendant refusing to plead over, judgment was rendered against him.

We think the court erred in sustaining the demurrer. By the contract set forth in the answer the plaintiff retained the title to the harvester with the right to repossess itself thereof. In other words, the sale was conditional, title being reserved in the vendor as security for the payment of the purchase price. We are not called upon to express any opinion as to whether in such case the bringing of an action or the obtaining of judgment upon the note would constitute a waiver of the condition and operate to pass title to the vendee. Whether or not it would have that effect, there can be no doubt that causing an execution on such a judgment to be levied on the property sold, as that of the vendee, would estop the plaintiff from thereafter asserting that title had not passed. Furthermore, the allegations of the answer are of a voluntary release of the levy. While it may be inferable that the inventories filed by the vendees were for the purpose of claiming their exemptions, it does not appear that the release of the levy was compelled by proceedings upon those inventories. On the other hand, it is charged that the release was voluntary by direction of plaintiff's attorney.

In cases of suretyship and guaranty if the creditor by his own act parts with collateral security the surety or guarantor is *pro tanto* discharged. (*Burr v. Boyer*, 2 Neb., 265; *Bell v. Paul*, 35 Neb., 240.) It is unnecessary to cite cases from other courts. They are legion. The reason of the rule is that a surety or guarantor on paying the debt becomes subrogated to any securities which the creditor may hold; that this right is traced through the creditor and extends only to the rights which the creditor had at the time the surety or guarantor paid the debt. The surety is entitled to have securities held by the creditor preserved so that they may be made applicable to the satisfaction of the debt. The case is very different from those cited by defendant in error, where it is held that mere non-action by the creditor does not release a surety, although securities in the meantime become impaired or

rights are lost. An application of that rule may be found in the case of *Eickhoff v. Eikenbary*, 52 Neb., 332, just decided.. This, on the other hand, is a case of the creditors, performing an affirmative act which has the effect of releasing the surety. The judgment of the district court is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings according to law.

REVERSED AND REMANDED.

HARRISON, J., not sitting.