R. A. STEWART V. AMERICAN EXCHANGE NATIONAL BANK
OF LINCOLN.

FILED APRIL 8; 1898.   No. 7894.

1. **Pleading and Proof.** All material averments of new matter in an answer which are not denied by the reply will be taken as admitted, and need not be proved.

2. ———: AMENDED ANSWER: REPLY. Where, after reply, an amended answer is filed setting up the defense interposed in the original answer and, in addition, facts which constitute a new and distinct defense, the plaintiff may reply anew if he so elects, but if he does not, the reply to the original answer will not stand as a reply to such new or additional defense.

3. **Judgment Non Obstante Veredicto.** Section 440 of the Code of Civil Procedure requires judgment to be rendered in favor of the party entitled thereto by the pleadings, notwithstanding a verdict has been returned against him.

4. **Principal and Surety: SECURITY: NEW TRIAL.** A creditor who without the consent of the surety voluntarily parts with security thereby releases the surety to the extent he has been thereby damaged.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Reversed.*

*Willard E. Stewart,* for plaintiff in error.

*Sawyer, Snell & Frost, contra.*

NORVAL, J.

This suit was brought in the court below by the American Exchange National Bank of Lincoln against Lou L. E. Stewart and R. A. Stewart on a promissory note for $1,000, bearing date May 15, 1893, due in ninety days, with interest at ten per cent per annum from date until paid.   Lou L. E. Stewart made default.   R. A. Stewart for answer alleged that he signed the note as surety merely, and that, without his consent, plaintiff, for a valuable consideration received from Lou L. E. Stewart, extended the time of payment of the note.   The bank re-

plied by a general denial.   Prior to the trial R. A. Stewart, by leave of court, filed an amended answer, which set up the same defense as contained in the original answer and, in addition, pleaded that the bank held certain notes, aggregating $3,000, as collateral to the one sued on, which it surrendered to the principal maker, Lou L. E. Stewart, to the damage of the answering defendant. No reply was filed to the amended answer.   Verdict and judgment for plaintiff; and defendant R. A. Stewart prosecutes an error proceeding to this court.

One ground urged for reversal is that the defendant surety was, by the pleadings, entitled to recover judgment, which proposition is unanswerable.   Under section 134 of the Code of Civil Procedure every material allegation of new matter contained in the answer, not put in issue by a reply, must be taken as true.   (*Dillon v. Russell*, 5 Neb. 484; *Williams v. Evans*, 6 Neb. 216; *Payne v. Briggs*, 8 Neb. 75; *Consaul v. Sheldon*, 35 Neb. 247; *National Lumber Co. v. Ashby*, 41 Neb. 292; *Van Etten v. Kosters*, 48 Neb. 152; *Scofield v. Clark*, 48 Neb. 711; *Culbertson Irrigating & Water Power Co. v. Cox*, 52 Neb. 684; *Hartzell v. McClurg*, 54 Neb. 313.)   Two defenses were well pleaded in the amended answer—the release of the surety by the payee extending the time for the payment of the note to the principal maker, and the surrender and release of collaterals held as security for the payment of the note.   By the plaintiff failing to reply to the amended answer, the second defense, under the statute and authorities, must be regarded as confessed.   It is suggested, in argument, by counsel for plaintiff below that the reply to the original answer should be treated as a reply to the amended one.   Possibly it might have been thus regarded had it been refiled as a reply; but without such refiling it certainly cannot be so considered as to the new defense which was not interposed in the first or original answer.   An amended answer having been filed, plaintiff had the undoubted right to plead over if it so desired, or to stand upon its reply previously

filed. Having elected to adopt the latter course, the reply to the original answer should not be considered as a reply to the amended answer, as to the new or additional facts, or cause of action, set forth in the amended pleading, which were not contained in the original. (*Eslich v. Mason City & F. D. R. Co.*, 75 Ia. 443; *Wilson v. Preston*, 15 Ia. 246; *McAllister v. Ball*, 28 Ill. 210; *Ermentrout v. American Fire Ins. Co.*, 63 Minn. 194; *Kelly v. Bliss*, 54 Wis. 187.) The two cases relied upon by counsel for plaintiff are not in point here. In *Yates v. French*, 25 Wis. 661, after answer, the original complaint or petition was amended, by merely changing the *ad damnum* clause. Obviously nothing new was brought forward by the amendment which necessitated a new answer. In that case there had been no change in the matters in issue, and no different answer was required; while in the case at bar, after a reply was filed, an amended answer was brought in pleading a new and distinct defense to plaintiff's cause of action, so that the reply on file could not be considered as a plea thereto. In *Stevens v. Thompson*, 5 Kan. 305, the only amendment of the petition, after answer, consisted in adding a new party plaintiff, which did not change the grounds of the action, and the answer already on file in that case put in issue every fact pleaded in the original and amended petition.

It is insisted that the defendant waived a reply by trying the cause as if one had been filed to the amended answer; and *Western Horse & Cattle Ins. Co. v. Timm*, 23 Neb. 526, and other authorities\* are cited to support the principle that if a case is tried as though a proper reply had been filed, no advantage can be taken in the appel-

\**Meader v. Malcolm*, 78 Mo. 550; *Hensler v. Cannefax*, 49 Mo. 295; *Gray v. Worst*, 31 S. W. Rep. [Mo.] 585; *State v. Phillips*, 38 S. W. Rep. [Mo.] 931; *Hopkins v. Cothran*, 17 Kan. 173; *Wilson v. Fuller*, 9 Kan. 176; *Quimby v. Boyd*, 6 Pac. Rep. [Colo.] 462; *Jerome v. Bohn*, 40 Pac. Rep. [Colo.] 570; *McAlister v. Howell*, 42 Ind. 16; *Helton v. Wells*, 40 N. E. Rep. [Ind.] 930; *Comer v. Way*, 19 So. Rep. [Ala.] 966; *Minard v. McBee*, 44 Pac. Rep. [Ore.] 491; *Louisville & N. R. Co. v. Copas*, 26 S. W. Rep. [Ky.] 179; *Killman v. Gregory*, 65 N. W. Rep. [Wis.] 53.

late court of the fact that no reply to the answer was made. The doctrine invoked has no application here, since there is nothing in this record to show that the trial was conducted below on the theory that the averments of the amended answer were denied. There is no bill of exceptions in the record, so we are not advised what occurred during the trial. It does appear, however, that an exception was taken to each instruction, especially the portion of the charge relating to the surrender of collaterals by plaintiff; so that no inference can be properly drawn from this record that a reply was waived. The absence of a reply to the amended answer is not raised for the first time in this court. One of the grounds set forth in the motion for a new trial was that the verdict was contrary to law, which was sufficient to challenge the attention of the trial court to the fact that the verdict was not in accord with the issues tendered by the pleadings.

Section 440 of the Code of Civil Procedure controls in this case. It provides as follows: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Plaintiff by failing to reply to the amended answer admitted the bank voluntarily surrendered to the principal maker collaterals given to secure the note in suit, without the consent of the defendant surety, which, to the extent of the value of such collaterals, released him from liability. (*Bronson v. McCormick Harvesting Machine Co.*, 52 Neb. 342.) The verdict being for the face of the note in controversy with interest, for the reason stated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.