HARVE CORDNER, Appellant, v. THOMAS ROBERTS *et al.*,
Respondents.

### St. Louis Court of Appeals, May 15, 1894.

1. **Pleading**: NEW MATTER IN ANSWER. Anything which avoids the
   action, and which the plaintiff is not bound to prove in the first
   instance, is new matter, and, if set forth in an answer, must be met
   by reply or demurrer. A plea of payment, or of the release of the
   debt sued upon, is new matter within this rule.

2. ——: ——: JUDGMENT IN THE ABSENCE OF A REPLY. If such new
   matter is not thus met, and the defendant who pleads it introduces no
   evidence, but rests on the conclusion of that of the plaintiff, he is
   entitled to judgment.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

AFFIRMED.

*John M. Barker* and *Patrick H. Cullen* for appellant.

*George Robertson* for respondents.

BIGGS, J.—This is an action on account for goods
alleged to have been sold to the defendants as partners.
The defendant Baskin filed the following separate
answer: "Now comes the defendant Baskin herein,
after leave of court obtained, and for his answer to
plaintiff's petition denies each and every allegation
therein, save what are hereinafter admitted to be true.
Defendant says it is true that at one time he and his
codefendant were partners, but, on the twenty-fifth day
of October, 1889, they dissolved said partnership, and
all of the debts of said firm were assumed by Roberts

alone, which was known to said plaintiff; but that at the date of such dissolution they were not indebted to this plaintiff in any sum over $6, and afterwards said Roberts continued to trade with this plaintiff and paid him money from time to time, and finally, on January 1, 1890, said Roberts gave his said promissory notes to plaintiff for all the amounts that he owed to him, and said plaintiff accepted said notes in payment of all amounts due him from either or both of said defendants. Wherefore defendant Baskin says all indebtedness from him to said plaintiff has been fully paid and discharged, and, having fully answered, asks to be discharged with his costs."

The defense introduced no evidence. At the conclusion of the plaintiff's testimony the court peremptorily instructed the jury to return a verdict for the defendant Baskin. As against Roberts the verdict was for the plaintiff, and judgment entered accordingly. The plaintiff, who has appealed, complains solely of the instruction given in behalf of Baskin.

The action of the court in directing judgment for Baskin must be sustained, for the reason that no reply was filed putting in issue the new matter set forth in Baskin's separate answer. The statute (R. S. sec. 2053), provides: "If the answer contain a statement of new matter, and the plaintiff fail to reply or demur thereto within the time prescribed by the rule or order of court, the defendant shall have such judgment as he is entitled to upon such statement; and, if the case require it, a writ of inquiry of damages may issue." The separate answer of Baskin contained a plea of payment, and it also contained a statement of facts from which a release of the debt as to Baskin might be inferred. *Brown v. Kirk*, 20 Mo. App. 524. That these defenses constitute new matter, and ought to have been put in issue by the reply, can not admit of any doubt. Any-

thing which avoids the action, and which the plaintiff was not bound to prove in the first instance, is new matter. *State ex rel. v. Rau*, 93 Mo. 126; *State v. Williams*, 48 Mo. 210.

The statute does not fail of application in this case by reason of the fact that the plaintiff's petition contained the averments, that plaintiff had accepted the note of Roberts and that it had been taken merely as evidence of the partnership debt and not in payment thereof. The answer does not merely negative these averments. The answer pleads payment of the partnership account by Roberts in money, and it also contains allegations, which, if true, would warrant the conclusion that the plaintiff had released Baskin and accepted Roberts as his sole debtor.

Neither can it be said that the defendant Baskin is estopped to take advantage of the want of a reply, for the reason that he introduced no evidence.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.