RODEN v. HELM et al., Plaintiffs in Error.

Division Two, December 12, 1905.

1. **APPEALS: Reviewable Matters.** Unless the motions for new trial and in arrest, filed and overruled, are preserved in the bill of exceptions, there is nothing for the appellate court to review except the record proper.

2. ———: **Objection on Appeal: No Exception: Sufficiency of Mortgage.** Where there is no bill of exceptions, the Supreme Court will assume that there was no objection on the trial to the sufficiency of the proof to establish the fact that the lands indefinitely described in a certain mortgage were the lands specifically described in the petition.

3. ———: ———: **No Reply: Evidence.** Where the case has been heard and determined upon the evidence, the objection that no reply was filed to the affirmative matter of the answer, will not be availing. The proper course is to move for judgment on the answer before trial begins.

4. ———: ———: ———: **No Bill of Exceptions.** Where there is no bill of exceptions and the judgment recites that the court "after hearing the evidence, doth find the issues for plaintiff," the appellate court will hold that the cause was heard upon the evidence, and that, therefore, defendant waived any objection to plaintiff's failure to file a reply.

5. **MORTGAGE: Description: Undefined Interest: Aider.** The recital in the mortgage was that the mortgagors "have an interest in certain real and personal property now held in trust for them and others by A. G. Turner as trustee, and as security for said note they give and grant unto" plaintiff "a lien on said trust estate and charge our interest in said trust estate in" his favor. The petition definitely described certain tracts of land and alleged that the land so described was the land held in trust by Turner, and by express aider in their answer the mortgagors confirmed that allegation by admitting that Turner held said property in trust for them and others, but alleged that they had an interest only to the amount of the annual income or rents. *Held*, that the description of the property in the mortgage, aided by the answer, was sufficient to constitute the mortgage a lien upon the property.

6. **JUDGMENT: Broader Than Petition.** The trial court should not make its decree broader than the pleadings, and if it does that, and the error affects the rights of any party, it will be reversed.

7. ———: ———: **Trustee.** Where the petition alleges that a named defendant was trustee for the other defendants "and others" not made parties, and the decree orders all the property covered by the trust instrument to be sold to satisfy plaintiff's debt against the defendants named, the decree is erroneous because it terminates the trust and orders the interests of the "others" not made parties to be sold.

Error to Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*George Robertson* and *F. R. Jesse* for plaintiffs in error.

(1) The decree directing the sale of all the land and destroying Turner's title, as well as the title of the Helm infants, is outside of the scope of the pleadings.

Schneider v. Patton, 175 Mo. 684.   (2)   The errors complained of, being apparent upon the face of the record, are reached by a writ of error.   Bagby v. Emberson, 79 Mo. 139; Lilly v. Menke, 126 Mo. 211; McIntyre v. McIntyre, 80 Mo. 470; Ryan v. Growney, 125 Mo. 474; Railroad v. Lewright, 113 Mo.. 660; Brown v. Appleman, 83 Mo. App. 79; Railroad v. Carlisle, 94 Mo. 166; State v. Murray, 126 Mo. 526; Bank v. McMullen, 85 Mo. App. 142.   In an action to foreclose a mortgage, all of the persons interested in the mortgaged property, must be made defendants.   Sec. 4349, R. S. 1899; Wall v. May, 30 Mo. 494.

*P. H. Cullen* for defendant in error.

(1)   No exception can be taken on an appeal or writ of error to any proceedings had in the progress of a trial in the court below which are of such a nature that they do not appear on the face of the record proper, unless they have been expressly decided by the court below; and in order that it may appear that such exceptions have been expressly decided by the court below, there should be a motion for a new trial, which should appear in the bill of exceptions, as overruled, and an exception should be taken to the decision of the court thereon.   State v. Marshall, 36 Mo. 400.   (2) But it is not every defect appearing in the record which can be thus taken advantage of for the first time in an appellate court; it must be a fatal error, such as where the petition absolutely fails to state a cause of action, which was the ground in most of the cases, or where the objection is to the jurisdiction of the court.   Railroad v. Mahoney, 42 Mo. 467; Green v. Walker, 99 Mo. 68; In re Gardner, 41 Mo. App. 589.   (3)   The case was heard in the circuit court as if a replication had been filed denying the new matter in the answer, and when parties have thus tried and submitted a cause, it is too late to claim that there was no issue to try; a

reply having been treated as filed in the lower court, it will be so treated in this court. Henslee v. Conne-fox, 49 Mo. 295; Epperson v. Tel. Co., 155 Mo. 371; Thompson v. Wooldridge, 102 Mo. 510; Howell v. Reynolds Co., 51 Mo. 156; Leabo v. Goode, 67 Mo. 126; Ins. Co. v. Harlin, 72 Mo. 202; Edmonston v. Philips, 73 Mo. 57; Chouteau v. Gibson, 76 Mo. 38; Meader v. Malcolm, 78 Mo. 550; Young v. Glasscock, 79 Mo. 574; Heath v. Goslin, 80 Mo. 310; Smith v. St. Joseph, 45 Mo. 449. (4) The petition contains every essential allegation for the foreclosure of a mortgage under the statute. It is also sufficient as a bill in equity to foreclose a mortgage; whether it is an action at law, or a bill to foreclose, must be determined by an examination of the petition itself, and the circumstances of the case. The petition asked for a judgment over against the defendants, and such a judgment was given, and for this, and other reasons, we deem it an action to foreclose a mortgage under the statute. In either view it states a cause of action. R. S. 1899, secs. 4342, 4351, 4352, 4353; Brim v. Fleming, 135 Mo. 604; Hannah v. Davis, 112 Mo. 608; Smith v. Finn, 77 Mo. 499; Kopp v. Blessing, 121 Mo. 391.

FOX, J.—At the October term, 1903, this cause was submitted on briefs to this court for determination. My esteemed colleague, Judge GANTT, on March 23, 1904, announced the conclusions reached upon the propositions as then presented for our consideration, in which all of this division concurred. With his permission the statement of facts and legal conclusions are here reproduced. They were thus stated:

This is a writ of error from a judgment of the circuit court of Audrain county. The action was commenced November 12, 1898. The petition alleges that defendants, Thomas, Anna and Elizabeth Helm by their promissory note of date October 31, 1898, promised to pay plaintiff fourteen hundred and fifty dol-

lars one day after the date thereof with interest there-
on from date at the rate of eight per cent per annum,
payable annually and if not so paid to become as prin-
cipal and bear the same rate of interest; that plaintiff
is now the holder and owner of said note and that the
whole of said note with interest is still due plaintiff,
for which he asks judgment and costs.

And for another cause of action against defend-
ants, plaintiff says that the said defendants by their
certain promissory note herewith filed, dated October
31, 1898, promised to pay to plaintiff the sum of
fourteen hundred and fifty dollars one day after the
date thereof with interest from date at the rate of 8
per cent per annum and if not paid annually to become
as principal and bear the same rate of interest. Plaintiff
says that the whole of said note and the interest thereof
are yet due plaintiff, and for which he asks judgment.

"Plaintiff further says the defendant Thomas
Helm some years past was possessed of a great
amount of real and personal property to the value of
$10,000; that the said Thomas Helm caused said
money and property to be invested in the following de-
scribed real estate in Audrain county, Missouri, to-
wit: 160 acres the northwest quarter of section 28,
township 52, range 9, and also 80 acres, being the west
one-half of the northeast quarter of section 28, town-
ship 52, range 9, and also lot No. 31 in Mrs. Sparks
Southern Addition to Mexico, Missouri, and caused
said land to be deeded to one A. G. Turner as trustee,
for the use and benefit of himself and his co-defend-
ants herein, to-wit, Anna Helm, who is the wife of said
Thomas Helm, and Elizabeth, who is the daughter of
said Thomas Helm. Plaintiff says that on the 31st day
of October, 1898, the defendants herein made, executed
and delivered to plaintiff an instrument of writing
which is hereto attached and made a part of this plead-
ing by which they did give and grant to said Roden a
lien on all the above-described property, and did by

said instrument create in said Roden's favor a charge on said property for the purpose of securing the, note sued on. Plaintiff therefore prays judgment against said defendants for the amount herein sued for and interest, and prays that said judgment may be declared a special lien on said property herein described, and further prays for an order on said trustee to pay said judgment out of any money or property that he may hold as trustee aforesaid and prays further that if said judgment be not paid, that the property herein described or so much of it as may be necessary may be sold to satisfy said debt, judgment, interest and costs and for such other and further relief as may be proper.''

The instrument sued on is in words and figures following:

"Mexico, Mo., Oct. 31, 1898.

''Whereas, Thomas Helm has become indebted to Thomas F. Roden in the sum of fourteen hundred and fifty dollars on account of necessaries furnished said Helm, his wife and family, and whereas, said Thomas Helm and his wife Annie, and his daughter, Elizabeth, have this day executed to said Roden their promissory note for for fourteen hundred and fifty dollars due one day after date bearing 8 per cent compound interest, and whereas the said Thomas, Anna and Elizabeth Helm have an interest in certain real and personal property now held in trust for them and others by one A. G. Turner as trustee, and as security for said note we give and grant to said Thomas F. Roden a lien on said trust estate and create a charge in said Roden's favor against our interest in said trust estate for the purpose of securing said debt or note and agree that said trust estate in whatever form it now is or may be in the future shall stand as security to said Roden for said note and interest.        ''Thomas Helm,
''Anna S. Helm,
''Elizabeth Helm.''

To this petition defendant demurred, but as the demurrer was overruled and defendants pleaded over, it is not necessary to reproduce it. Defendants filed their joint answer in words and figures as follows:

"Now comes defendants herein and for answer to plaintiff's petition deny each and every allegation set forth in both counts thereof and pray to be discharged.

"Defendants for another and further defense to plaintiff's second cause of action state that on the —— day of ——, one Charles H. Rodes was duly appointed trustee of the estate of the defendant herein, Thomas Helm, and that on the 26th day of November, 1880, the said defendants, Thomas Helm, and Anna Helm, made and executed to the said Charles H. Rodes a deed to certain property situated in McLain county, Illinois, and more particularly described as the northwest quarter of section 5, township twenty-four north, of range two, east of the third principal meridian, and containing, by estimation, 173.58 acres. That said conveyance was made to the said Charles H. Rodes by the said defendants, Thomas and Anna Helm, in consideration of love and affection of said Thomas Helm for his wife and heirs at law, and that said conveyance was made in trust to the said Charles H. Rodes as trustee for the purpose to-wit: that said trustee was directed to pay over to said Thomas Helm for and during his natural life the net annual income or profits arising from the proceeds of the sale thereof in case that it was sold, and in case the said Anna Helm survived her husband, then the one-half of the said land or the one-half of the proceeds of sale was to be held by the said trustee the net income or profit arising from the one-half of the said land or the one-half of the net proceeds of the sale was to be paid by the said trustee to her so long as she may live and the other half of said land or the half of the proceeds of the sale of said land was to go and pass to those who may be the immediate heirs at law of Thomas Helm at the

Roden v. Helm.

time of his death, and upon the death of Anna Helm in the event she survived her husband, Thomas Helm, was in like manner to go and pass to those who may be the heirs at law of Thomas Helm, in the event that Thos. Helm survived his wife, then the whole of the land or the proceeds at his death was to go and pass to his children or heirs at law, and the said trustee was expressly empowered in said conveyance to sell and convey said land whenever he, in his discretion, might deem it best to do so in which event he should re-invest the proceeds of the same on other lands or loan same out as he may deem best. And it was further provided in said conveyance that in the event said office of trustee should become vacant by reason of death or resignation of said trustee that the judge of the Boyle County Court in the State of Kentucky was empowered to fill the vacancy and require from the said trustee so appointed bond for the faithful discharge of his duty. Defendants state that on the —— day of ——, 1885, one Amanda Rodes died in Boyle county, Kentucky, leaving a will which was duly probated, by the terms of which will there was left to the said defendant, Thomas Helm, by the said Amanda Rodes, a large amount of property, and that by the terms of the said will the said Charles H. Rodes was appointed trustee of said estate so left to the said defendant, Thomas Helm, which said estate was left in trust in all respect and in every particular as was the estate theretofore conveyed to the said Chas. H. Rodes, trustee, by the said defendants, Thomas Helm and Anna Helm on the 26th day of November, 1880, and that the said trustee then and there took charge of the said property and money so coming into his hands under the terms of said will and proceeded to administer the same in accordance with the terms thereof. Defendants state that on the —— day of February, 1885, that the defendant A. G. Turner, on the resignation of the said Chas. H. Rodes was by the said Boyle County Court.

appointed as trustee under and by the terms of said deed and of the said will of Amanda Rodes; that he gave bond for the faithful performance of his duties of trustee as required in said deed and will and he at once took charge of the said estate and proceeded to carry out the terms of said deed and will as therein stated. Defendants state that on the —— day of February, 1885, he received from said T. H. Rodes as trustee the sum of $2,600 in cash and on said day he also received one note for $4,500 secured by mortgage on certain real estate in the State of Illinois, and also one coupon interest note for $270, and on the —— day of December, 1885, the said Turner received from the said Chas. H. Rodes, trustee, as before said sum of $833.32. Defendant states that on the —— day of ————, 1895, he invested $2,300 of the funds so coming into his hands in lot No. 31, of the Mrs. Sparks Southern Addition to Mexico, and on the —— day of —— 1890, he invested $5,000 of the proceeds of said lands in the northwest quarter of section 28, and the northwest fourth of the northeast quarter of section 28, township 52, range 9, and on the —— day of ———— 1892, he invested all the remainder of said proceeds so coming into his hands as trustee by the terms of said will and deed in the southwest fourth of the northeast quarter of section 28, township 52, range 9. And that all of said lands was purchased by the said trustee with the said money so held by him in trust for the said Thos. Helm, his wife and heirs at law as provided in the said deed and the said will as herein above set forth; and that the said Turner still holds the said property in trust for the said Thos. Helm and Anna Helm and all of the children of the said Thos. Helm as above set forth. Defendants further state that there are now living as heirs at law of the said Thos. Helm, the said Anna Helm, wife of Thos. Helm, and the following children: Elizabeth Helm, defendant herein, Mamie Helm, age 16 years and Richard Helm, age 14 years.

And defendants state that said lands are held by said A. G. Turner, trustee, for the use and benefit of said defendants, Thos. Helm, Anna Helm, Elizabeth Helm, and the said minor children, Mamie Helm and Richard Helm, as herein set forth and as required by said deed and said will. Defendants state that by reason of all of the facts as herein set forth that plaintiff is not entitled to have a lien declared against the said lands and the defendants therefore pray to be discharged with their costs."

No reply filed.

On March 12, 1899, the cause was heard and the court rendered the following judgment:

"Now on this 21st day of March, A. D. 1899, this cause coming on for hearing, the plaintiff and each of the defendants, in their own proper person and by their respective attorneys, being present, and all and singular the matters and things are submitted to the court and the court after hearing the evidence doth find the issues for the plaintiff on the second count in his petition and doth find that the defendants, Thos. Helm, Anna Helm and Elizabeth Helm are indebted to plaintiff as shown by their promissory note herein filed in the sum of $1,495.10, and that the said indebtedness was for necessaries for Thomas Helm and family, and that said indebtedness bears interest at the rate of 8 per cent per annum payable annually and if not so paid to be compounded.

"The court doth further find that the defendants, Thomas Helm, Anna Helm and Elizabeth Helm have an interest in the following described real estate which is deeded to defendant, A. G. Turner, as trustee for their use and benefit: 160 acres, the northwest quarter of section 28, township 52, range 9, and also 80 acres, being the west one-half of the northeast quarter, section 28, township 52, range 9, and also lot 31 in Mrs. Sparks' Southern Addition to Mexico, Missouri. The court doth further find that the defendants

Thomas, Anna S. and Elizabeth Helm, did on the 31st of October, 1898, make, execute and deliver to plaintiff an instrument of writing giving and granting to said plaintiff a lien on all of the above-described property for the purpose of securing the debt or note herein sued upon.

"It is therefore considered, order and adjudged that the plaintiff do have and recover judgment against the defendants, Thomas, Anna S. and Elizabeth Helm, for the said sum of $1,495.10 and costs and that said judgment bear interest at the rate of 8 per cent per annum payable annually, and if not so paid annually, to be compounded, and that such judgment be and is hereby declared a lien upon the land hereinbefore described and it is further ordered, adjudged and decreed that said lien be foreclosed and that the said land be sold to satisfy this judgment and the costs herein laid out and expended, and that plaintiff have special execution therefor.

On the same day motions for new trial and in arrest were filed and overruled, but the said motions do not appear to have been preserved in a bill of exceptions and hence they are not before us for review.

From the foregoing statement it is apparent that there is nothing before us but the record, and accordingly we will confine our consideration to such alleged errors as appear therein.

I. It is conceded that plaintiff was entitled to judgment upon the note against Thomas Helm, Anna and Elizabeth Helm, the makers, but it is insisted that the instrument declared on in the second count was not sufficient to constitute a lien upon the property described in the petition. The point is that the mortgage is void because it did not describe the property in suit. The recital by the mortgagors in the mortgage is that they "have an interest in certain real and personal property now held in trust for them and others

192 sup—6

by one A. G. Turner as trustee and as security for said note they give and grant unto said Roden a lien on said trust estate and charge our interest in said trust estate in Roden's favor," etc.

*Certum est quod certum reddi potest,* is an ancient maxim of the common law. In this mortgage the mortgagors describe the property on which they grant the lien, as "property now held in trust for them," by A. G. Turner as trustee.

The petition alleged that the land held in trust by Turner for said mortgagors was the real estate described in the petition lying in Audrain county, Missouri, and that said property was the property described in said mortgage, and by express aider the defendants confirm this statement by admitting that Turner did hold said property in trust for said defendants and others, but alleged the defendants only had an interest to the amount of the net annual income or profits of said real estate. While an exact description of the said trust property is not set forth in said mortgage, still by reference to the property then held in trust for them by A. G. Turner as their trustee it was made certain. It was long ago laid down by Coke-Littleton that in case of a feoffment, it should comprehend the certainty of the lands to be conveyed, but "this may be done either by express words or by words which may by reference be reduced to a certainty according to the principle '*certum est quod certum reddi potest.*'" [Coke-Litt., 6 A.]

As said in Edmonston v. Carter, 180 Mo. l. c. 525, in construing this identical instruction, "the mortgagors having in their deed of mortgage solemnly asserted Turner so held property for them, and the fact appearing, outside the mortgage, that he so held this property, the mortgagors, in the absence of any suggestion that there was any other property to which the mortgage could apply, cannot deny that it was this property that was intended to be covered." [Jones on

Mortgages (6 Ed.), secs. 65 and 66.] The learned author just cited says: "But a description, however general and indefinite it may be, if by extrinsic evidence it can be made practically certain what property it was intended to cover, will be sufficient to sustain the lien." [Bollinger County v. McDowell, 99 Mo. 632; Hammond v. Johnston, 93 Mo. 198.]

Referring as the mortgage did to lands held in trust for the mortgagors by A. G. Turner and the answer admitting that the lands sought to be charged were so held by Turner for defendants there can be no doubt that the description was sufficient and the mortgage was not void.

As there is no bill of exceptions before us, there appears to have been no objection to the proof that the lands so held by Turner were the lands intended to be charged.

II. Defendants now insist that the deed of trust and the provisions thereof pleaded by them stand admitted for want of a reply.

Our statute, section 608, Revised Statutes 1899, provides: 'If the answer contain a statement of new matter, and the plaintiff fail to reply or demur thereto within the time prescribed by the rule or order of court, the defendant shall have such judgment as he is entitled to upon such statement; and if the case require it, a writ of inquiry of damages may issue." This provision has often been construed by this court.

In Smith v. St. Joseph, 45 Mo. 449, no reply was filed and plaintiff obtained judgment. On appeal it was insisted by defendant that on the facts stated in its answer it was entitled to judgment. After quoting the above section of the code, Judge WAGNER for the court said: "Where the answer sets up new matter, and no replication is filed, the defendant should move the court for judgment upon the pleadings. That the Legislature intended such should be the practice, is plain; for a writ of inquiry of damages is provided for

in the event that such a proceeding would be applicable or necessary. But no notice was taken of the failure to file the replication in the court below; the parties proceeded to trial upon the evidence; no objection was taken or point raised as to any insufficiency or defectiveness in the pleading, and I am not disposed to consider the question at this time." [Howell v. Reynolds County, 51 Mo. loc. cit. 156.]

In Ennis v. Hogan, 47 Mo. 513, the answer alleged new matter and evidently insisted on the failure to reply, because the circuit court gave judgment for want of a reply.

In Cordner v. Roberts, 58 Mo. App. 440, the court gave judgment for defendant on the new matter set up in his answer, no reply having been filed.

In Nelson v. Wallace, 48 Mo. App. 199, Judge ROMBAUER refers to the statement of Judge WAGNER above quoted and says it is intimated that if a motion for judgment on the pleadings had been made the rule might be different, "yet, even in the latter event, the case may be likened to one where a new trial has been improperly awarded against a party, and where, instead of standing on his exceptions, he takes the chances of a second trial, and, being defeated in that, seeks a review of the action of the court in awarding a new trial, which, as the court held in Davis v. Davis, 8 Mo. 56, is a species of gambling not allowed in a court of justice."

In Henslee v. Cannefax, 49 Mo. 295, the parties went to trial without a reply having been filed and it was discovered before the case went to the jury that no reply had been filed and the circuit court instructed the jury that the new matter in the answer must be taken as true, but this court held no such instruction should have been given, saying, "courts should not allow traps to be thus sprung, although upon the inattentive."

To the same effect is Meader v. Malcolm, 78 Mo. 550. In Heath v. Goslin, 80 Mo. 318, the insistence was

that as plaintiff had failed to reply, judgment should have gone for the defendant, but this court said, "if a party would take advantage of such omission he should do so in a direct way."

Here again we are confronted with the fact that defendants have no bill of exceptions, advising us of what transpired at the trial. We are relegated to the judgment alone and from that we learn that "when the cause came on for trial both sides being represented by counsel, all and singular the matters and things were submitted to the court and the court *after hearing the evidence,* doth find the issues for plaintiff," etc.

In the absence of anything in this record to the contrary it is a fair presumption that no motion for judgment on the answer was made but the cause was *heard upon the evidence.* Now if defendant had, as this court said they should have done, proceeded in a direct way and moved for judgment on their answer, there could have been no occasion for any evidence—if the motion had been sustained, and if denied, it was obviously a matter of exception by defendants in order to show this court that they did not waive their rights. Our conclusion is that as it affirmatively appears the cause was heard upon the evidence and it nowhere appears that the present contention was made in the circuit court, we take it as a fair presumption that it was tried as if a reply had been filed, and that it cannot avail defendants on this writ of error in the state of the record before us.

III. Again, it is insisted that the judgment of foreclosure is void. If this is predicated on the fact that no judgment was rendered against Turner, we concur fully in what was said in Edmonston v. Carter by Division One on that point. Turner, the trustee, was made a party defendant simply to charge the estate in his hands. He had not signed the note or executed the mortgage and no personal judgment was sought against or could have been lawfully rendered against

him, but he did claim to hold the title to the land in such a way as to defeat plaintiff's right to have it sold and as the judgment was for a foreclosure this was all the judgment necessary as against him, and hence not void because the judgment did not dispose of all the questions before the court. We are cited to Lampert v. Haydel, 96 Mo. 439, and Partridge v. Cavender, 96 Mo. 452, holding in effect that where a father or other testator or grantor provided a trust for a son or other person whereby the income should go to the *cestui que trust* and added a restriction against the alienation, assignment or pledging of such income by the *cestui que trust,* neither the accrued income nor the accruing income could be reached by the creditors of the beneficiary or be assigned by him. In a word, sustaining the doctrine of spendthrift trusts and the restraint upon the alienation of the same. But in Bank of Commerce v. Chambers, 96 Mo. loc. cit. 466, the same learned judge who wrote the opinion of the court in both Lampert v. Haydel and Partridge v. Cavender, 96 Mo. 439 and 452, expressly differentiated the spendthrift trust created by the gratuitous act of a third person, and one created by the owner of property wherein he ties up his property in such a manner that he may be enabled to enjoy the income thereof and set his creditors at defiance. In Bank v. Chambers it was held that, inasmuch as the testatrix created a trust for the benefit of her husband and provided for the payment to him of the net rents, issues and products of certain property "on condition that he release any right, title or estate by the curtesy he might have in her estate," the husband occupied the attitude of a purchaser of that income and but for his compliance with the express condition in the will by the surrender of his curtesy the income would never have been his, and it was ruled that such income was subject to the claims of creditors.

In this case if the facts were as stated in defendants' answer, the defendants, Thomas Helm and his

wife, by their joint conveyances, conveyed certain real estate of said Thomas Helm in McLain county, Illinois, to the trustee for the benefit of said Thomas Helm, so that said Thomas Helm for and during his natural life should receive the net annual income or the profits arising from the proceeds of the sale thereof in case it was sold, and in case the said Anna Helm, the wife of said Thomas, should survive her husband, then one-half of the net income or one-half of the net proceeds of the sale, if sold, should be paid to her as long as she should live, and the other half should pass to the immediate heirs of said Thomas Helm, but if said Thomas Helm should survive his wife, then the whole at his death should go to his heirs. It was averred that the first trustee resigned and Turner was appointed and qualified and took the moneys derived from the Illinois lands and from a bequest to said Thomas Helm by Mrs. Amanda Rodes, and invested them in the lands in suit and held them in pursuance of said trust deed of November, 1880. Now, in this record we have no record of the said trust deed. No bill of exceptions has preserved the instruments pleaded by the answer of defendants and we do not know what the evidence was. We do not know whether it was an active valid spendthrift trust or a mere dry trust, as the court seems to have found it was. We only know what the record proper recites; that is, that the circuit court found that the defendants, Thomas Helm, Anna Helm and Elizabeth Helm, had an interest in the real estate described in the decree which had been deeded to the defendant A. G. Turner; that said three defendants executed the mortgage sued on; and gave judgment on the note, and declared said judgment a lien on the said real estate, and decreed said lien should be foreclosed and the land sold. It does appear that the court found against the contention of the defendants that said Helms only had an equitable interest in the income, and held that they had an interest in the real estate

which was vendible under execution. It may have been that the court construed the trust deed, if one was offered and read in evidence, to have created simply a dry trust which the statute immediately executed by vesting the legal title in the same Thomas, Anna and Elizabeth Helm, and if so properly held their interest was subject to sale. [Pugh v. Hayes, 113 Mo. 424.] So far as the record before us discloses anything, it appears to have settled the issues in favor of plaintiff against defendant, and the evidence is not before us by which it can be determined whether the court reached a proper or improper conclusion. It was the privilege and duty of defendants if they desired our opinion upon the construction of the alleged deed of trust to have incorporated it in a bill of exceptions, but this they have not done. As to any question of the irregularity in improperly joining two counts, or a defective finding, those matters have been waived by a failure to raise those questions by a motion in arrest. It can at most only be said that it was a cause of action defectively stated and this is good after judgment. [Salmon Falls Bank v. Leyser, 116 Mo. 51; Seckinger v. Mfg. Co., 129 Mo. 590.]

It is conceded that if Thomas, Anna and Elizabeth Helm each owned an interest in the land that interest was liable to plaintiff's judgment, and their interest could be sold under execution and the court so found. It was not essential that other parties who were not indebted to plaintiff should be made parties in a suit to charge defendant's interest therein. If other parties had interest therein their rights would not be affected by a sale of defendant's interest in the property. In view of the fact that the deed alleged in the answer is not before us, it becomes unnecessary to determine the very interesting question presented in the briefs whether a man intending to engage in business where debts will likely be incurred can create a trust in his own favor and that of his family which will ef-

fectually shield it from his creditors, existing or subsequent, while retaining the full enjoyment of the income and revenues therefrom. We think the petition contains sufficient to sustain a foreclosure, either under the statute or in equity. It prays for a personal judgment for the amount of the note and interest and that if the same be not paid that the property therein described or so much as is necessary be sold to satisfy the debt, judgment, interest and costs  and for such other and further relief as may be proper.

Upon the record before us we are not justified in holding the judgment void or erroneous and it is accordingly affirmed.

### OPINION.

In the presentation of the legal propositions, when this cause was originally submitted, as indicated in the opinion, it was not pressed upon the attention of the court that the relief granted by  the decree was broader than the facts stated in the petition and finding of the court warranted. Counsel for  appellant chiefly relied upon the contentions discussed in the original opinion as herein set forth, and it seems to have been taken for granted by both counsel and the court that the decree simply declared the debt a  lien upon the interest in the land of those defendants who executed the instrument creating the lien and ordered the sale only of the interests of  such defendants in said land. With the decree in that form, with no bill of exceptions preserving the action of the court during the progress of the trial, we still entertain the opinion that the conclusions reached by this court were correct. Upon motion for rehearing our attention  has been specially directed to the decree and the force and effect of it in its present form.  A rehearing was granted and it only becomes necessary  in this opinion to consider the question now so earnestly  pressed upon our attention, that the decree is broader than the find-

ing of facts by the court, and grants relief not authorized by the statement of facts in the petition.

The only relief which the court was authorized to grant upon the facts disclosed in the petition, was to declare the debt set forth in the petition a lien upon the interests of Thomas Helm, Anna S. Helm and Elizabeth Helm. It is conceded that A. G. Turner holds the legal title to all this land as trustee for the defendants to this action, together with others, who are not made parties and against whom no relief is sought. This is made apparent by the instrument sued on, in which it is recited that Thomas, Anna and Elizabeth Helm had an interest in the real estate in controversy and that said real estate is held in trust by A. G. Turner for them *and others.* A careful analysis of this decree makes it manifest that it grants relief not authorized by the pleadings.

It will be observed that the chancellor very properly found that Thomas, Anna and Elizabeth Helm had an interest in the land described; but this was followed by a finding inconsistent with the instrument sued on, that is, that the court finds, by the instrument executed, that the defendants granted to plaintiff a lien on all the property held in trust by said A. G. Turner. This was an erroneous finding and the error is apparent upon the face of the record. The decree of sale of this land follows and it is apparent from the terms of the decree that the sale is not limited to the interest in this land of the defendants against whom the judgment was rendered, but it is a plain and unambiguous order that the land as described be sold in satisfaction of the judgment against the defendants who were made parties to the action. This order of sale, following the erroneous finding of the court that the lien was created upon all the property, manifestly undertakes to sell the entire land and thereby not only terminate the trust of A. G. Turner in respect to the parties who created the lien, but as well the others for

whom he held an interest as trustee.  A. G. Turner is
a party to this proceeding.  As trustee the duty is im-
posed upon him to protect the interest of those for
whom he holds property, and while it may be said that
this judgment could not affect the interest of the other
parties for whom he holds this property, for the reas-
on that they were not made parties to the action, yet
if the terms of the decree are to be given their or-
dinary meaning, it at least attempts to terminate the
trust existing not only between Turner and defend-
ants, but as well those who have no concern with the
creation of the lien, and the trustee being a party to
the proceeding has the right to complain in this court
at the form of the decree, and the error in this respect,
appearing upon the face of the record, may be review-
ed by the appellate court without any bill of excep-
tions. The other defendants, Thomas, Anna and Eliza-
beth Helm, have the right to insist upon a proper find-
ing and decree of the court in respect to their rights in
this property.  This is a judicial proceeding and par-
ties who may desire to purchase the property in pur-
suance of it, necessarily look to the decree and order
of sale to ascertain what property is offered for sale.
The bidding is influenced by the decree and order of
sale, therefore the parties who have an interest in
property which is subject to a public sale, have the
right to demand of the court a correction of any error
in the proceeding which in any way may substantially
injure their rights in respect to such property.

We express no opinion as to the nature of this
trust, for the instruments introduced in evidence dis-
closing the character and nature of the trust have not
been preserved by any bill of exceptions, and are
therefore not before us for consideration.  But the
petition, which undertakes to disclose the cause of ac-
tion, the relief sought and the decree, recognizes a
trust.  The instrument upon which the lien is predi-
cated fully recognizes the existence of a trust in A. G.

Turner, and recites that the defendants in this cause
have an interest in certain real property which is held
in trust for *them and others*. It is true that the petition
does not disclose the interest of the others mentioned
in the instrument creating the lien in this property,
and it may be that, at the time of the rendition of the
judgment and under the provisions of the instrument
creating the trust in Turner, they had no interest; that
can only be known to this court when the others to
whom reference is made in the instrument creating the
lien, are made parties to the proceedings, and their
rights settled, and if they have none, by some appro-
priate decree terminating the trust as to them. The
petition contains no allegations and presents no issue
authorizing the court to ignore the interest of others,
who according to the instrument granting the lien are
interested in the land held in trust by A. G. Turner, or
authorizing the decree as entered in this cause, which
in effect terminates the trusteeship of A. G. Turner
in respect to such land as to all the parties, regardless
as to whether they are made defendants in this action
or not. It is clear that before plaintiff can be entitled
to have his debt, as alleged in the petition, declared a
lien upon all the land held by A. G. Turner, and all of
it sold for the payment of such debt, the parties other
than the defendants herein to whom reference is made
in the instrument granting the lien, must be before the
court, and by some appropriate decree the trust as to
them must be terminated.

The error of this decree is emphasized by the con-
clusion reached in Edmonston v. Carter et al., 180 Mo.
515. In that case it is apparent that the court con-
strued this judgment and decree as an absolute ter-
mination of the trust in A. G. Turner, as to any and all
parties concerned, and the judgment based upon the
title emanating from the sheriff's deed, under the fore-
closure of the lien, declared in this proceeding for the
recovery of all the land, was affirmed. Under the form

of that decree and judgment the court in Edmonston v. Carter et al., supra, was clearly right, for such was its force and effect, and as was very appropriately said in the Edmonston case, the court was not authorized to retry this proceeding in which the judgment was rendered, and that the judgment was binding until set aside in the manner pointed out by law. The instrument creating the lien by Thomas, Anna and Elizabeth Helm was made a part of the petition; in fact it was the foundation of the relief granted in the declaration, that it created a lien upon the land in controversy, and the court in its decree fully recognized the recitation of the trust in this instrument, and then declared the debt a lien upon all the land and ordered it sold to satisfy the judgment rendered. That others not parties to this proceeding were interested in the trust referred to in the instrument creating the lien, is beyond dispute, and that the defendants in this cause could not, by the execution of the note and instrument sued on, terminate such trust as to such others interested, is too plain for discussion. Before this entire land could be sold the trust must be terminated as to all the parties who may have any interest in it; hence we repeat, that the decree in this cause is broader and grants relief which is not authorized by the facts appearing upon the face of the petition.

As before stated, there is no bill of exceptions before us; however, the errors indicated are apparent upon the record proper and therefore subject to review. "The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not." [Bateson v. Clark, 37 Mo. 31; Railroad v. Carlisle, 94 Mo. 166; Railroad v. Lewright, 113 Mo. 660.] That judgments and decrees

must be responsive to the pleadings in this State is no. longer an open question. In Schneider v. Patton, 175 Mo. 1. c. 723, BURGESS, J., speaking for the court, clearly announced the rule upon this subject. He thus tersely treated the proposition: "No principle is better settled than that unless a judgment is responsive to the issues presented in the pleadings it is erroneous. [Ross v. Ross, 81 Mo. 84.] It is equally as well settled that a party cannot state one cause of action in his petition and recover upon another, but that the decree which is awarded him must be authorized both by the facts stated in the petition and by the proof. [Reed v. Bott, 100 Mo. 62.] In Irvin v. Chiles, 28 Mo. 576, it is said that 'a party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition or answer.' In Harris v. Railroad, 37 Mo. 310, it is said: 'The statute permits a party to amend his petition after his evidence has been given, to make it conform to the proofs; but no such thing was attempted in this case. It then presents the singular spectacle of declaring for one cause of action, and obtaining judgment for another and different cause . . . . Such a course of procedure is destructive of all certainty in pleading, and can neither be tolerated nor encouraged.' The same rule is announced in Newham v. Kenton, 79 Mo. 382. While under the general prayer for relief a party may have any relief to which he may show himself entitled, such relief must be founded on and consistent with the allegations in the bill and not such as may be proven at the trial. [McNair v. Biddle, 8 Mo. 257.]"

We have indicated our views upon the record before us, and it may be added that if plaintiff insists upon the termination of the trust recognized in this proceeding, and the sale of this entire land for the payment of his debt, by virtue of the lien created, then we suggest that all persons interested be made parties to the action and such allegations embraced in the peti-

tion as would present the issues and authorize the chancellor by some appropriate decree to terminate such trust. Where the purpose sought by a judicial proceeding is to expose real estate to public sale, the better practice is to make all persons who have any interest, contingent or otherwise, in the real estate sought to be sold, parties to the proceeding. The wisdom of this practice is fully recognized by the law-making power of this State in the provisions of the statute, requiring all persons interested in the subject-matter of the action to be made parties to it. In Lilly v. Menke, 126 Mo. 211, which was a partition proceeding, GANTT, J., reviews all the authorities, and in addition to a clear announcement of the rule as to what constitutes the record proper, very forcibly emphasizes the importance and necessity of having all parties interested in the land before the court, to the end that the rights may be litigated prior to the making of any order of sale.

Entertaining the views to which we have herein given expression, the judgment and decree of the trial court is reversed and the cause remanded.

All concur.