A. G. TURNER et al. v. W. A. EDMONSTON et al., Appellants.

Division Two, May 19, 1908.

LIS PENDENS: Purchase: Writ of Error Pending: Notice: Stranger: Attorney. Where a suit involving title to real estate was tried in the circuit court, one who purchases from the successful plaintiff after the time to take an appeal has expired, does so subject to a reversal of the judgment on timely writ of error, if he has notice of the pendency of the suit in the Supreme Court. And where the notice of the writ of error was served on the respondent's attorney, and that attorney was the purchaser, and as respondent's attorney appeared for him in the Supreme Court, he does not occupy the position of a stranger or innocent purchaser.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*P. H. Cullen* and *Allen Stallings* for appellants.

(1)  When the judgment defendant fails to give notice of appeal until after a sale of property under the judgment and the judgment plaintiff becomes the purchaser he is entitled to the same protection as any other bona fide purchaser, if the judgment is afterwards reversed, and upon the case being remanded, he again recovers.  Frazier v. Crafts, 40 Iowa 110; Gossam v. Donaldson, 68 Am. Dec. 723; Parker v. Andersen, 5 T. B. Mon. 455; Benningfield v. Reed, 8 B. Mon. 105; Yocum v. Foreman, 14 Bush 494; Canal Co. v. Gordon, 2 Abb. 488; Den v. Dellinger, 1 Murphy (5 N. Car.) 272; McAusland v. Pundt, 1 Neb. 211; Tuttle v. Gates, 24 Me. 396; Stimson v. Ross, 51 Me. 556; Cariell v. Ham, 4 Greene (Iowa) 460; Holmes v. Buckner, 67 Tex. 107; Wood v. Chopin, 13 N. Y. 509; Riley v. Martinelli (Cal.), 21 L. R. A. 33, and note.  (2)  The purchaser is protected in the case of a sale made during the pendency of an appeal where such appeal did not operate as a supersedeas, even though the purchaser knew of the pendency of the appeal.  Marks v. Cowles, 61 Ala. 299; Bank v. Van Meter, 10 B. Mon. (Ky.) 68; Rankin v. Eastin, 2 Ky. L. Rep. 427; Edmonston v. Carter, 180 Mo. 515; Brenden v. Zion Church, 71 Md. 83; Garrittee v. Popplein, 73 Md. 322; Henning v. Punnett, 4 Daly (N. Y.) 543; Hale v. Langford, 60 Tex. 555; 23 Am. and Eng. Ency. Law (2 Ed.), 1011; 3 Freeman on Executions, sec. 345, p. 1975.  (3)  A writ of error is a new suit and not merely a continuance of the suit the judgment in which it is brought to reverse.  Macklin v. Allenberg, 100 Mo. 337; Pierce v. Stinde, 11 Mo. App. 364; Irwin v. Jeffers, 3 Ohio St. 389; Phillips v. Benson, 85 Ala. 416; Gould v. Sternberg, 128 Ill. 510; Maynard v. May, 25 S. W. 879; Benson v. Yellot, 76 Md. 159; Kramer v. Wellendorf, 129

Pa. St. 547; Shannon v. Newton, 132 Pa. St. 375.    (4)
The modification or partial reversal of the judgment
will not affect the title which the execution creditor
has acquired at the sale, unless such modification or
reversal is upon so material a point or is so great  in
extent as to destroy the grounds for the sale or make it,
inequitable for the sale to stand, as would be the case
where it declared that the plaintiff was not entitled to
recover as much as the sum for which the property
was sold.    Withers v. Jacks, 79 Cal. 297; Hewit v.
Dean, 91 Cal. 617; Yndart v. Den, 125 Cal. 85; Barn-
hart v. Edwards, 128 Cal. 577; Burcer v. Cady, 49 Pac.
180; Martin v. Victor Mill Co., 19 Nev. 197; Gaye v.
Clapper, 19 Tex. Civ. App. 502; Jesup v. Bank, 15 Wis.
604.    (5)    Where the execution creditor, after pur-
chasing at his own sale, the judgment not having been
superseded by bond, sells the property to a third per-
sons who purchases for value and without notice, and
the judgment is afterward reversed on appeal, the pre-
vailing rule is that the title of the purchaser is not af-
fected by the reversal, and that he may retain the prop-
erty as against the execution debtor.    Thompson v.
Wooldridge, 103 Mo. 505; Vogler v. Montgomery, 54
Mo. 577; Bartlett v. Glasscock, 4 Mo. 62; McAusland v.
Pundt, 93 Am. Dec. 358; Withers v. Jacks, 12 Am.
St. Rep. 143; Horner v. Zimmerman, 45 Ill. 14; Gen-
tean v. Wisely, 47 Ill. 433; Puterbaugh v. Moss, 11 N.
E. 199.

*Robertson & Robertson* and *F. R. Jesse* for re-
spondents.

(1)    In this action the land was bought for a nom-
inal sum by the plaintiff under the execution before
the writ of error was sued out, and when no appeal
had been taken.    He bought under the judgment of
Roden v. Helm, which was afterwards reversed in the
Supreme Court under writ of error.    192 Mo. 71.    Af-

ter Roden had acquired his sheriff's deed, and still before the suing out of the writ of error, Roden conveyed by quit-claim deed to his attorney, W. A. Edmonston, the defendant herein. Edmonston was the attorney of record for the plaintiff in Roden v. Helm et al., and as this record discloses was thoroughly familiar with the Helm title as well as all the proceedings under which the judgment was rendered in the circuit court. Roden's title necessarily depended upon the judgment he had obtained against the Helms. When that judgment was set aside, necessarily his title would fall and it makes no difference that he bought before suing out of the writ of error to set the judgment aside. Gott v. Powell, 41 Mo. 416; Freeman on Ex., secs. 345 and 347; 17 Am. and Eng. Ency. Law, 1019; Freeman on Judgments, sec. 484; 24 Cyc. 65; Vogler v. Montgomery, 54 Mo. 577; Holland v. Adair, 55 Mo. 40; Board of Trustees v. Fry, 192 Mo. 552.    (2)   The defendant herein, being the attorney of Roden, is not an innocent purchaser, but stands in the shoes of his vendor.   Railroad v. Brown, 43 Mo. 294; Board of Trustees v. Fry, supra; Galpin v. Page, 18 Wall. 350; Young v. Schofield, 132 Mo. 660; Freeman on Executions, 347; Stroud v. Casey, 25 Tex. 754; Toogood v. Franklin, 27 Ia. 239; Hayer v. Cassell, 6 C. L. N. 183. The following cases hold that either the party or the attorney purchasing at a sale under the judgment afterward reversed are not protected:   Phillips v. Benson, 82 Ala. 500; Smith v. Brittenham, 109 Ill. 450. (3)   Upon the reversal of the judgment according to the terms of the mandate, plaintiffs were entitled to be restored to all things they had lost by reason of the judgment reversed.   Macklin v. Kinealy, 141 Mo. 131. And all proceedings and subsequent judgments founded upon such judgment are thereby annulled.   Colburn v. Yantis, 176 Mo. 670; Smith v. Railroad, 49 Mo. App. 54; Atkinson v. Dixon, 96 Mo. 577; Butler v. Eaton, 141

U. S. 240; Cowdery v. Bank, 139 Cal. 298; McAllister v. Bridges, 40 S. W. 70. (4) Defendant sets up and pleads the motion for restitution which was filed in the circuit court upon the reversal of the judgment, but he omits to notice that that motion was ineffective for the reason that lot thirty-one of. Mrs. Sparks' southern addition had been conveyed away to J. O. Edmonston and that it could not be maintained against W. A. Edmonston because he was not a party to the record in Roden v. Helm et al., and for the further reason that it involved restitution by other and different persons than Roden himself, and that Roden not being in possession of the land, it was ineffective as to him for these lands. He further sets up an action brought against W. A. Edmonston and Roden to recover rents accruing prior to the commencement of this action, but wholly overlooks that this last-named action is for a different purpose and is a different action than this ejectment suit. Roden is not a necessary or even a proper party in this ejectment suit, whereas he is a necessary party in the suit to recover the rents and profits. An examination of the motion for restitution and the action for the accounting will disclose different subject-matter and different parties as well and a different purpose in each case than the one before the court. Before another action pending can be taken as a defense, it must be shown that the subject-matter, the parties litigant, and the relief sought in each case are identical, and that the proofs required in each would be the same. Rodney v. Gibbs, 184 Mo. 1; Garland v. Smith, 164 Mo. 1; Callahan v. Davis, 125 Mo. 27.

FOX, P. J.—This cause is now pending before this court upon appeal on the part of the defendants from a judgment of the circuit court of Audrain county in favor of the plaintiffs. The action was one in eject-

ment for 240 acres of land in Audrain county. The petition was filed in the circuit court on March 30, 1906, and was in the ordinary form in actions of that character. The answer of the defendants consisted first of a general denial; second, there is pleaded the judgment obtained in the case of Roden v. Helm et al., 192 Mo. 71, detailing the circumstances by which the defendant W. A. Edmonston came into possession of the real estate here sued for; third, the defense is made that the judgment of the Supreme Court reversing the judgment of the circuit court in Roden v. Helm et al., is void; fourth, then defendants plead ownership of the judgment rendered by the circuit court in Roden v. Helm et al.; fifth, the rendition of another judgment is pleaded in favor of the plaintiffs and against the Helms rendered in the original suit of Roden v. Helm et al., after the reversal of the case in the Supreme Court. There is also pleaded in connection with the fifth defense the pendency of a motion for restitution filed in the case of Roden v. Helm et al.; also an action in accounting filed by these same plaintiffs against this same defendant and others to account for the rents received by W. A. Edmonston from said lands accruing between the date of turning over the possession of this land to W. A. Edmonston and the commencement of this ejectment suit.

The history of the litigation involved in this controversy is fully set forth in the case of Turner et al. v. J. O. Edmonston et al., decided at the sitting of this court on February 18, 1908, and reported in 210 Mo. 411. There was a motion for rehearing filed in that case, which was by the court overruled, and learned counsel who represented respondents in that case and who represents appellants in the case at bar, concedes in his motion for rehearing in the former case that this case is a companion case to the case of Turner et al. v. J. O. Edmonston et al., heretofore referred to as being

decided by this court. No one can read the records and briefs of counsel representing the appellants and respondents in the case at bar without being convinced that the leading and controlling propositions are substantially the same as those in the case heretofore referred to decided by this court. The legal propositions are substantially the same; the land of course is different. The claim of title of the plaintiffs in the case at bar is the same as in plaintiff's case against J. O. Edmonston et al., and the claim of the defendants in this case is predicated upon the same judgment and execution sale under it as were involved in the Turner case against J. O. Edmonston et al. There is another difference, and it is as to the pleadings in the case at bar; the defenses are set out more in detail. Certain judgments are pleaded and the pendency of the motion for restitution and the suit for an accounting after the remanding by this court of the case of Roden v. Helm et al., are fully set forth in the answer. There is also this difference to be noted between the two cases, which doubtless accounts for the judgment for the defendants in the trial court in Turner et al. v. J. O. Edmonston et al., and judgment for the plaintiffs in the case at bar, that is, that the defendant J. O. Edmonston in the former case was a brother of the defendant W. A. Edmonston in the present case, who was the attorney of Mr. Roden in the litigation of Roden v. Helm et al. With these distinctions in the two cases noted, we deem it unnecessary to further detail the facts concerning this litigation, further than to make reference to the case of Turner et al. v. J. O. Edmonston et al., heretofore referred to, in which will be found a complete history of the litigation between these parties.

There was a judgment in the trial court for the plaintiffs in this cause. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. From the judgment rendered, defendants

in due time and proper form prosecuted this appeal, and the cause is now before us for consideration.

## OPINION.

As indicated in the statement of this cause, the record before us clearly indicates that the leading and controlling propositions involved in this cause are the same as those which were so fully presented by counsel and discussed by Judge BURGESS in the case of Turner et al. v. J. O. Edmonston et al., 210 Mo. 411, decided at the sitting of this court on February 18, 1908. We have carefully reviewed the discussion of the legal propositions in the J. O. Edmonston case, and after a most careful analysis of the treatment of the legal questions confronting us in that case we see no valid reason for departing from the rules of law therein announced as applicable to the legal propositions discussed. In Turner et al. v. J. O. Edmonston et al., the error of the trial court in refusing to properly submit the question as to whether J. O. Edmonston had purchased the land in controversy from his brother with notice of the defects in the judgment and title to the property, were fully pointed out. It was said in that case that "the vital question in this case is whether J. O. Edmonston was a *lis pendens* purchaser of the land from his brother, W. A. Edmonston, or, in other words, did he purchase the property with knowledge of the fact that the case of Roden v. Helm et al. was pending in the Supreme Court at the time of the purchase." In the case at bar there can be no question that W. A. Edmonston does not .occupy the position of a, stranger and innocent purchaser in this transaction, for it is disclosed by the record that, on the 31st day of July, 1904, when the writ of error was sued out in the case of Roden v. Helm et al., the defendant, W. A. Edmonston, was served with notice as the attorney for Roden and

he appeared in the case when it was first heard in the Supreme Court. It is clearly manifest that the filing of the motion for restitution and the institution of the suit for an accounting against Roden et al., constitute no defense and have nothing whatever to do with this action of ejectment. It must not be overlooked that while this litigation was going on in the Supreme Court Roden had conveyed the lands to his attorney, W. A. Edmonston, one of the defendants in this cause, and as to the lands involved in this proceeding W. A. Edmonston had received all the rents, and also that W. A. Edmonston had conveyed a part of the land involved in Roden v. Helm et al. to J. O. Edmonston, his brother, and as to the rents of the lands involved in the case of Turner et al. v. J. O. Edmonston, they were to be accounted for by J. O. Edmonston; hence it is apparent that a motion for restitution could not afford a complete and adequate remedy. Had the title to this property remained in Roden and all the rents and profits been received by him, then clearly a motion for restitution in the original case of Roden v. Helm et al., after it was reversed and remanded, would have been an adequate remedy, but as the defendant here, also his tenant and co-tenant, James Henderson, were not parties to the record in Roden v. Helm et al., in order to get complete restitution it was necessary to resort to ejectment against the parties who were claiming title and holding possession, but who were not parties in the original case of Roden v. Helm et al., to restore the possession of the premises to these plaintiffs. So it is with the action brought against W. A. Edmonston and Roden for an accounting and to recover rents accruing prior to the commencement of this action. That action in no way involves the subject-matter involved in this ejectment proceeding. That suit doubtless was instituted for an entirely different purpose, that is, to have

an accounting made by these parties so that it might be applied to the satisfaction of the existing judgment against the Helms. Roden is neither a necessary nor a proper party to this proceeding. He is an essential and necessary party in the suit to recover certain rents and profits received by him while he was in possession and control of the lands of plaintiffs.

We see no necessity for pursuing this subject further. Manifestly the case of Turner et al. v. J. O. Edmonston et al. covers all of the overshadowing legal propositions involved in the case at bar and must be held as decisive in this case. The judgment of the trial court should be affirmed, and it is so ordered.

All concur.